# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| **v.** | **:** | **CRIMINAL NO. 05-440-01, 08, 12, 13, 18, 22** |
| **ALTON COLES** | **:** | |
| **TIMOTHY BAUKMAN** | | |
| **MONIQUE PULLINS** | **:** | |
| **JAMES MORRIS** | | |
| **ASYA M. RICHARDSON** | **:** | |
| **THAIS Y. THOMPSON** | | |

## <u>GOVERNMENT'S PROPOSED JURY INSTRUCTIONS</u>

The United States of America, by its attorneys, Patrick L. Meehan, United States

Attorney for the Eastern District of Pennsylvania, and Richard A. Lloret and Michael J. Bresnick,

Assistant United States Attorneys for the district, respectfully submits the following proposed

jury instructions pursuant to Federal Rule of Criminal Procedure 30 and requests leave to file any

supplemental instructions as may appear necessary and proper.

Respectfully submitted,

PATRICK L. MEEHAN
United States Attorney

    s/Richard A. Lloret
RICHARD A. LLORET
MICHAEL J. BRESNICK
Assistant United States Attorney

Date: February 11, 2008

## GOVERNMENT'S REQUEST NO. 1

**Role of Jury**

Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers.  Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial. That is your job and yours alone. I play no part in finding the facts.  You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts.  My role now is to explain to you the legal principles that must guide you in your decisions.  You must apply my instructions carefully.  Each of the instructions is important, and you must apply all of them. You must not substitute or follow your own notion or opinion about what the law is or ought to be.  You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous.  All of you will have to agree on it or there will be no verdict.  In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind.  This is a responsibility that each of you has and that you cannot avoid.

Perform these duties fairly and impartially.  Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, gender, profession, economic circumstances, or position in life or in the community.

_____

3rd Circuit Model Criminal Jury Instructions, No. 3.01 (2006).

## GOVERNMENT'S REQUEST NO. 2

**Jury Recollection Controls**

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

---

1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 12.07 (5th ed. 2000); United States v. Thames, 846 F.2d 200, 204 (3d Cir.), cert. denied, 488 U.S. 928 (1988).

## GOVERNMENT'S REQUEST NO. 3

**Penalty Not To Be Considered**

The punishment provided by law for the crimes charged in the indictment is a matter exclusively for the Court to decide and should never be considered by the jury in any way in arriving at an impartial verdict as to the crimes charged.

_____

1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 20.01 (5th ed. 2000) (the instruction set out is paragraph 6 of a longer instruction intended to be given as the jury retires); United States v. Austin, 533 F.2d 879, 884-85 (3d Cir. 1976), cert. denied, 429 U.S. 1043 (1977).

## GOVERNMENT'S REQUEST NO. 4

**Presumption of Innocence; Burden of Proof; Reasonable Doubt**

The defendants pleaded not guilty to the offenses charged. The defendants are presumed to be innocent. They started the trial with a clean slate, with no evidence against them. The presumption of innocence stays with a defendant unless and until the government has presented evidence that overcomes that presumption by convincing you that the defendant is guilty of the offenses charged beyond a reasonable doubt. The presumption of innocence requires that you find the defendant not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that a defendant has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is on the government to prove that a defendant is guilty and this burden stays with the government throughout the trial.

In order for you to find a defendant guilty of the offenses charged, the government must convince you that the defendant is guilty beyond a reasonable doubt. That means that the government must prove each and every element of the offenses charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to

act in matters of importance in his or her own life.  It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

       If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense.  However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

---

3rd Circuit Model Criminal Jury Instructions, No. 3.06 (2006).

## GOVERNMENT'S REQUEST NO. 5

**Evidence**

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

The following are not evidence:

(1) The indictment;

(2) Statements and arguments of the lawyers for the parties in this case;

(3) Questions by the lawyers and questions that I might have asked;

(4) Objections by lawyers, including objections in which the lawyers stated facts;

(5) Any testimony I struck or told you to disregard; and

(6) Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence.  During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence.  These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made.  You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard.  When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other.  When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence.  You must disregard the question or the exhibit entirely.  Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown.  Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection.  If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence.  When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not

binding on you.  It is your own recollection and interpretation of the evidence that controls your

decision in this case.  Also, do not assume from anything I may have done or said during the trial

that I have any opinion about any of the issues in this case or about what your verdict should be.

_____

3rd Circuit Model Criminal Jury Instructions, No. 3.02 (2006).

## GOVERNMENT'S REQUEST NO. 6

### Direct and Circumstantial Evidence

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial *(or indirect)* evidence." You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses — something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts. A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. A reasonable inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

10

You should consider all the evidence that is presented in this trial, direct and circumstantial. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It is for you to decide how much weight to give any evidence.

_____

3rd Circuit Model Criminal Jury Instructions, No. 3.03 (2006).

## GOVERNMENT'S REQUEST NO. 7

**Not All Evidence, Not All Witnesses Needed**

Although the government is required to prove a defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case. In addition, as I have explained, a defendant is not required to present any evidence or produce any witnesses.

*[In this case, defendant(s) [presented evidence] [produced witnesses]. A defendant is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.]*

_____

3rd Circuit Model Criminal Jury Instructions, No. 3.05 (2006).

## GOVERNMENT'S REQUEST NO. 8

**Credibility of Witnesses**

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness' knowledge, understanding, and memory;

(3) The witness' appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

13

(7) Whether the witness' testimony was consistent or inconsistent with other evidence that you believe *[alternative: how believable the witness' testimony was when considered with other evidence that you believe]*; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

_____

3rd Circuit Model Criminal Jury Instructions, No. 3.04 (2006).

## GOVERNMENT'S REQUEST NO. 9

**Credibility of Witnesses – Law Enforcement Officer**

You have heard the testimony of law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his or her testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.

You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.18 (2006).

## GOVERNMENT'S REQUEST NO. 10

**Credibility of Witnesses – Cooperating Witnesses Who Pled Guilty to Same Offense**

You have heard evidence that Charleton Custis and Desmond Faison are alleged co-conspirators, as to Count One of the Indictment, who say they participated in the crimes charged and have made plea agreements with the government.  You have also heard evidence that Kristina Latney is an alleged co-conspirator, as to Count 77, which alleges a money laundering conspiracy, and that Ms. Latney says she participated in the crime charged and has made a plea agreement with the government.

Their testimony was received in evidence and may be considered by you. The government is permitted to present the testimony of someone who has reached a plea bargain with the government, but you should consider the testimony of Kristina Latney, Charleton Custis and Desmond Faison with great care and caution. In evaluating their testimony, you should consider this factor along with the others I have called to your attention. Whether or not their testimony may have been influenced by their plea agreements, or their alleged involvement in the crime charged is for you to determine. You may give their testimony such weight as you think it deserves.

You must not consider Kristina Latney's, Charleton Custis' or Desmond Faison's guilty pleas as any evidence of any other defendant's guilt.  Kristina Latney's, Charleton Custis' and Desmond Faison's decisions to plead guilty were personal decisions about their own guilt. Such evidence is offered only to allow you to assess the credibility of the witnesses; to eliminate any concern that the other defendants have been singled out for prosecution; and to explain how the witness came to possess detailed first-hand knowledge of the events about which they

testified.  You may consider Kristina Latney's, Charleton Custis' and Desmond Faison's guilty

pleas only for these purposes.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.19 (2006).

## GOVERNMENT'S REQUEST NO. 11

**Impeachment of Witness – Prior Inconsistent Statement for Credibility Only**

You have heard evidence that before this trial certain witnesses made statements, about which they were questioned at trial.  It is up to you to determine whether these statements were made and whether they were different from the witnesses' testimony in this trial.  These earlier statements were brought to your attention only to help you decide whether to believe the witnesses' testimony here at trial. You cannot use it as proof of the truth of what the witnesses said in the earlier statements.  You can only use it as one way of evaluating the witnesses' testimony in this trial.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.22 (2006).

**GOVERNMENT'S REQUEST NO. 12**

**Opinion Evidence (Expert Witnesses)**

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from Detective Christopher Marano of the Philadelphia Police Department, Special Agent Raymond Armstrong of the IRS,  Firearms Examiner Michael Curtis of the ATF, and Special Agent Anthony Tropea of the ATF, who offered opinions. Because of their knowledge, skill, experience, training, or education in the field of narcotics trafficking and investigation, as to Detective Marano, money laundering and money laundering investigation, as to Agent Armstrong, the examination and identification of firearms, as to Mr. Curtis, and telephone and electronic communications in a drug organization, as to Agent Tropea, these witnesses were permitted to offer opinions in that field and the reasons for those opinions.

The opinions these witnesses state should receive whatever weight you think appropriate, given all the other evidence in the case.  In weighing this opinion testimony you may consider the witness' qualifications, the reasons for the witness' opinions, and the reliability of the information supporting the witness' opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses.  You may disregard the opinions entirely if you decide that a witness' opinion is not based on sufficient knowledge, skill, experience, training, or education.  You may also disregard an opinion if you conclude that the reasons given in support of the opinion are not sound, or if you conclude that the opinion is not supported by the facts shown by the evidence, or if you think that the opinion is outweighed by other evidence.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.08 (2006).

## GOVERNMENT'S REQUEST NO. 13

**Stipulated Testimony; Stipulation of Fact; Judicial Notice (F.R.E. 201)**

        The Government and the defendant have agreed that a number of stipulated facts are true.  These stipulations have been read to you and the written stipulations are available for you to review.  You should therefore treat these facts as having been proved.  You are not required to do so, however, since you are the sole judge of the facts.

_____
3rd Circuit Model Criminal Jury Instructions, Nos. 4.01-4.03 (2006).

## GOVERNMENT'S REQUEST NO. 14

**Audio/Video Recordings**

During the trial you heard two audio recordings of conversations with the defendant, Thais Thompson, made without her knowledge.   These recordings were made with the consent and agreement of the other party to the conversations, James Morris.

During the trial you heard other recordings of conversations with the defendants Alton Coles, Timothy Baukman, James Morris, Monique Pullins and Asya Richardson, which were made without the knowledge of the parties to the conversations, but with the consent and authorization of the court.  These recordings (sometimes referred to as wiretaps) were lawfully obtained.

The use of these procedures to gather evidence is lawful and the recordings may be used by either party.

_____
3rd Circuit Model Criminal Jury Instructions, Nos. 4.04, 4.05 (2006).

## GOVERNMENT'S REQUEST NO. 15

**Audio Recordings  - Transcripts**

You have heard audio recordings that were received in evidence, and you were given written transcripts of the recordings.

Keep in mind that the transcripts are not evidence.  They were given to you only as a guide to help you follow what was being said.  The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read.  And if you could not hear or understand certain parts of the recordings you must ignore the transcripts as far as those parts are concerned.

_____

3rd Circuit Model Criminal Jury Instructions, Nos. 4.06 (2006).

## GOVERNMENT'S REQUEST NO. 16

**Summaries – Admitted (F.R.E 1006)**

Certain charts and summaries offered by the government were admitted as evidence. You may use those charts and summaries as evidence, even though the underlying documents and records have not been admitted into evidence.  In many instances the underlying documents and records have been admitted into evidence.  You must decide how much weight, if any, you will give to these charts and summaries.  In making that decision, you should consider the testimony you heard about the way in which the charts and summaries were prepared.

---

3rd Circuit Model Criminal Jury Instructions, No. 4.11 (2006).

## GOVERNMENT'S REQUEST NO. 17

**Specific Investigation Techniques Not Required**

During the trial you heard testimony of witnesses and argument by counsel that the government did not use specific investigative techniques such as fingerprint analysis, DNA analysis, and the use of narcotics detection equipment. You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, there is no legal requirement that the government use any of these specific investigative techniques or all possible techniques to prove its case. There is no requirement to attempt to take fingerprints or offer fingerprint evidence, gather DNA evidence or offer DNA analysis, or use narcotics detection equipment.

Your concern, as I have said, is to determine whether or not the evidence admitted in this trial proves the defendant's guilt beyond a reasonable doubt.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.14 (2006).

## GOVERNMENT'S REQUEST NO. 18

**Defendant's Choice not to Testify or Present Evidence**

Defendant(s) _____ did not testify *(did not present evidence)* in this case.  A defendant has an absolute constitutional right not to testify *(or to present any evidence).* The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent.  You must not attach any significance to the fact that defendant did not testify.  You must not draw any adverse inference against him because he did not take the witness stand.  Do not consider, for any reason at all, the fact that a defendant did not testify.  Do not discuss that fact during your deliberations or let it influence your decision in any way.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.27 (2006).

## GOVERNMENT'S REQUEST NO. 19

**Defendant's Testimony**

In a criminal case, the defendant has a constitutional right not to testify. However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, the defendant testified. You should examine and evaluate his testimony just as you would the testimony of any witness.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.28 (2006).

## GOVERNMENT'S REQUEST NO. 20

### Consciousness of Guilt (Flight, Concealment, Use of an Alias, etc.)

You have heard testimony that after the crime of possession of a firearm by a felon was alleged to have been committed, on October 24, 2004, by defendant Alton Coles, defendant ran from the police and was caught.

If you believe that Alton Coles ran from the police, then you may consider this conduct, along with all the other evidence, in deciding whether the government has proved beyond a reasonable doubt that defendant Alton Coles committed the crime charged. This conduct may indicate that he was guilty of the crime charged and was trying to avoid punishment. On the other hand, sometimes an innocent person may run from the police for some other reason. Whether or not this evidence causes you to find that the defendant was conscious of his guilt of the crime charged, and whether that indicates that he committed the crime charged, is entirely up to you as the sole judges of the facts.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.30 (2006).

## GOVERNMENT'S REQUEST NO. 21

**Impeachment of Defendant - Prior Bad Acts (F.R.E. 608(b))**

You heard evidence that the defendant Alton Coles, who testified, committed various kinds of bad acts that are not part of the conspiracy in this case. You may consider this evidence only to help you decide whether to believe Alton Coles' testimony and how much weight to give it.  That evidence does not mean that Alton Coles committed the crime charged here, and you must not use that evidence as any proof of the crime charged in this case.

This evidence may not be used in any way at all in connection with the other defendants.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.35 (2006).

## GOVERNMENT'S REQUEST NO. 22

**Impeachment of Defendant - Prior Conviction (F.R.E. 609)**

You heard evidence that the defendant Alton Coles was previously convicted of a crime. You may consider evidence of his previous conviction only to decide whether to believe Alton Coles committed the crimes charged here, and you must not use that evidence as any proof of the crimes charged in this case.

The evidence of the prior conviction of Alton Coles may not be used in any way at all in connection with the other defendants.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.36 (2006).

## GOVERNMENT'S REQUEST NO. 23

### Defendant's Character Evidence

You have heard *(reputation)(opinion)(reputation and opinion)* evidence about whether the defendant *(name of defendant(s))* has a character trait for *(name trait, such as truthfulness, peacefulness, honesty, being a law-abiding citizen,  etc.)*.

You should consider this character evidence together with and in the same way as all the other evidence in the case in deciding whether the government has proved the charge*(s)* beyond a reasonable doubt.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.39 (2006).

## GOVERNMENT'S REQUEST NO. 24

**Impeachment of Defendant's Character Witness**

**If character witness testified to reputation:** You heard *(name of witness)* testify about the defendant's reputation for *(insert character trait covered by testimony)*. On cross-examination of *(name of witness)*, the prosecutor asked *(him)(her)* some questions about whether *(he)(she)* had heard that *(briefly describe the subject of the cross-examination on the character trait, e.g., defendant was convicted of fraud on an earlier occasion)*. The prosecutor was allowed to ask these questions only to test whether *(name of witness)* was familiar with the reputation of the defendant in the community. This is not evidence that the acts described in these questions actually occurred.

You may not use the information developed by the prosecutor on this subject for any other purpose. Specifically, you may not use this information to conclude that the defendant committed the act*(s)* charged in the indictment or as proof that the defendant has a bad character or any propensity to commit crimes.

**If character witness testified to opinion:** You heard *(name of witness)* testify about the defendant's character for *(insert character trait covered by testimony)*. On cross-examination of *(name of witness)*, the prosecutor asked *(him)(her)* some questions about whether *(he)(she)* knew that *(briefly describe the subject of the cross-examination on the character trait, e.g., defendant was convicted of fraud on an earlier occasion)*. The prosecutor was allowed to ask these questions only to test whether *(name of witness)* had a good basis for *(his)(her)* opinion of the defendant's character. This is not evidence that the acts described in these questions actually occurred.

You may not use the information developed by the prosecutor on this subject for any other purpose. Specifically, you may not use this information to conclude that the defendant

committed the act*(s)* charged in the indictment or as proof that the defendant has a bad character or any propensity to commit crimes.

_____

3rd Circuit Model Criminal Jury Instructions, No. 4.40 (2006).

## GOVERNMENT'S REQUEST NO. 25

**Motive Explained**

Motive is not an element of the offenses with which the defendants are charged. Proof of bad motive is not required to convict. Further, proof of bad motive alone does not establish that the defendant is guilty and proof of good motive alone does not establish that the defendant is not guilty. Evidence of a defendant's motive may, however, help you find the defendant's intent.

Intent and motive are different concepts. Motive is what prompts a person to act. Intent refers only to the state of mind with which the particular act is done.

Personal advancement and financial gain, for example, are motives for much of human conduct. However, these motives may prompt one person to intentionally do something perfectly acceptable while prompting another person to intentionally do an act that is a crime.

_____

3rd Circuit Model Criminal Jury Instructions, No. 5.04 (2006).

## GOVERNMENT'S REQUEST NO. 26

### Separate Consideration - Multiple Defendants Charged with Different Offenses

The defendants are charged with different offenses. I will explain to you in more detail shortly which defendants are charged with which offenses. Before I do that, however, I want to emphasize several things.

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way. Also, in our system of justice, guilt or innocence is personal and individual. You must separately consider the evidence against each defendant on each offense charged, and you must return a separate verdict for each defendant for each offense. For each defendant and each offense, you must decide whether the government has proved beyond a reasonable doubt that a particular defendant is guilty of a particular offense.

Your decision on any one defendant or any one offense, whether guilty or not guilty, should not influence your decision on any of the other defendants or offenses. Each offense and each defendant should be considered separately.

_____

3rd Circuit Model Criminal Jury Instructions, No. 3.15 (2006).

## GOVERNMENT'S REQUEST NO. 27

**Indictment - Persons Not Charged**

You are here to determine guilt or innocence of the defendants from the evidence in this case. You are not called upon to return a verdict as to the guilt or innocence of any other person or persons. You may not draw any inference, favorable or unfavorable, toward the government or the defendants, from the fact that other persons were not named as defendants in the indictment, and you should not speculate about the reasons for this.

So, if the evidence in the case convinces you beyond a reasonable doubt of the guilt of a defendant, then you should find that defendant guilty, even though you may believe that one or more other unindicted persons are also guilty.

---

1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, §12.11 (5th ed. 2000).

## GOVERNMENT'S REQUEST NO. 28

### Summary of the Indictment

The defendants are charged with specific crimes in a formal charging document called an indictment. The indictment defines the scope of the trial and notifies the defendants of the charges they are facing. Your job as jurors is to determine whether or not the government has proved them guilty of the crimes with which they are charged in the indictment. In order to perform that function, you must understand clearly what crimes are charged and who is charged with them. Therefore, I will now explain the indictment to you. *(Provide explanation from preliminary instructions, i.e.: The indictment in this case alleges that Alton Coles, Timothy Baukman engaged in a "continuing criminal enterprise" which involved the distribution of cocaine and cocaine base, also known as "crack" cocaine. The indictment also alleges that James Morris and Monique Pullins conspired with Alton Coles, Timothy Baukman and other defendants to distribute and possess with intent to distribute cocaine and crack cocaine, and that Thais Thompson was an accessory after the fact to the conspiracy. The indictment alleges that Ms. Thompson made materially false statements under oath, and also alleges that Alton Coles, Timothy Baukman and Asya Richardson engaged in money laundering transactions with proceeds of drug trafficking, that Alton Coles invested drug proceeds in a business which affected interstate commerce, and that Alton Coles illegally structured cash deposits into financial institutions in order to avoid currency reporting requirements. The indictment also alleges that Asya Richardson and Alton Coles schemed to defraud a financial institution. The indictment alleges that Timothy Baukman illegally possessed a machine gun, and that Alton Coles, Timothy Baukman, James Morris, Thais Thompson and Monique Pullins possessed firearms in furtherance of drug trafficking. Finally, the indictment alleges that Alton Coles*

*possessed firearms after having been convicted of a crime punishable by a term of imprisonment*
*exceeding one year).*

       The defendants are charged in multiple counts in the indictment. Each of those counts charges one or more of the defendants with the commission of a separate crime. I will send a copy of the indictment to the jury room with you to aid in your deliberations.

       As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crimes the defendants are accused of committing. An indictment is simply a description of the charges against a defendant. It is an accusation only. An indictment is not evidence of anything, and you should not give any weight to the fact that the defendants have been indicted in making your decision in this case.

_____

3rd Circuit Model Criminal Jury Instructions, No. 3.07 (2006).

## GOVERNMENT'S REQUEST NO. 29

**"On or About"**

You will note that the indictment charges that the offenses were committed "on or about" certain dates. The Government does not have to prove with certainty the exact dates of the alleged offenses. It is sufficient if the Government proves beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged.

_____

3rd Circuit Model Criminal Jury Instructions, No. 3.08 (2006).

## GOVERNMENT'S REQUEST NO. 30

**Indictment in the conjunctive, statute and required proof in the disjunctive**

It is not uncommon that a given criminal statute will prohibit not merely one form of action but several related forms if action in what lawyers call "the disjunctive," that is, separated by the word "or."  For example, the federal drug statute, 21 U.S.C. § 841(a)(1), prohibits certain drug offenses and makes it illegal to knowingly or intentionally manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense, a controlled substance.  This statute prohibits six different actions: (1) manufacturing, (2) distributing, (3) dispensing, (4) possessing with intent to manufacture, (5) possessing with intent to distribute, and (6) possessing with intent to dispense.  All six of these crimes are separated by the word "or" in the statute.  Yet, when you look at the indictment, it is permissible for the government to charge all six and separate them with the word "and."  This, however, does not mean that if the government does so, it must prove that the defendant violated the drug statute in all six ways.  On the contrary, it is sufficient that the government prove one way beyond a reasonable doubt.  Thus, for example, if the evidence proves that a defendant possessed cocaine with intent to distribute, it is irrelevant whether or not he also manufactured it.

_____

Turner v. United States, 396 U.S. 398, 420-21 (1970).

## GOVERNMENT'S REQUEST NO. 31

**Agent of the Defendant**

In order to sustain its burden or proof on the counts of the indictment it is not necessary for the government to prove that a defendant personally did every act constituting the offenses charged.

As a general rule, whatever any person is legally capable of doing himself, he can do through another acting as his agent.

So, if the acts or conduct of another is deliberately ordered or directed by the defendant or deliberately authorized by the defendant, then the law holds the defendant responsible for such acts or conduct just the same as if personally done by him.

_____

1A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 18.03 (5th ed. 2000).

## GOVERNMENT'S REQUEST NO. 32

**Accomplice Liability: Aiding and Abetting**

Several counts of the indictment allege that a defendant committed, and aided and abetted the commission of, the offense charged in that count. A person may be guilty of offenses because he personally committed the offenses himself or because he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal.

In order to find a defendant guilty of the offenses because he aided and abetted the principal in committing these offenses, you must find that the government proved beyond a reasonable doubt each of following four (4) requirements:

*First*, that the principal committed the offenses charged by committing each of the elements of the offenses charged, as I will explain those elements to you in these instructions.

*Second*, that the defendant knew that the offenses charged were going to be committed or were being committed by the principal;

*Third*, that the defendant did some act for the purpose of aiding, assisting, soliciting, facilitating, or encouraging the principal in committing the offenses and with the intent that the principal commit the offenses; and

*Fourth*, that the defendant's acts did, in some way, aid, assist, facilitate, or encourage, the principal to commit the offenses. The defendant's acts need not themselves be against the law.

Evidence that the defendant was merely present during the commission of the offenses is not enough for you to find him guilty as an aider and abetter.  In addition, if the evidence shows that the defendant knew that the offense was being committed or was about to be

committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, or facilitate or otherwise associate himself with the offense, you may not find the defendant guilty of the offenses as an aider and abetter.  The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by the principal as something the defendant wished to bring about and to make succeed.

_____

3rd Circuit Model Criminal Jury Instructions, No. 7.02 (2006).

## GOVERNMENT'S REQUEST NO. 33

### Count 1 - Conspiracy to Distribute Controlled Substances - Elements of the Offense

Count One of the indictment charges that from in or about at least January 1998, through on or about August 10, 2005, in the Eastern District of Pennsylvania, Alton Coles, Timothy Baukman, Monique Pullins, and James Morris agreed or conspired together and with others to distribute cocaine and crack cocaine, which are controlled substances.

It is a federal crime for two or more persons to agree or conspire to commit any offense against the United States, even if they never actually achieve their objective. A conspiracy is a kind of criminal partnership.

In order for you to find a defendant guilty of conspiracy to distribute a controlled substance, you must find that the government proved beyond a reasonable doubt each of the following three (3) elements:

*First*, that two or more persons agreed to distribute a controlled substance;

*Second*, that the defendant was a party to or member of that agreement;

*Third*, that the defendant joined the agreement or conspiracy knowing of its objective to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that objective.

In addition, if you conclude beyond a reasonable doubt that each of the first three elements is satisfied, you must decide beyond a reasonable doubt the weight and type of the controlled substance which was the subject of the conspiracy. Specifically, you must decide, as to each defendant, whether that defendant agreed to distribute 5 kilograms or more of a mixture or substance containing cocaine, or 50 grams of cocaine base ("crack"), or some lesser amount.

I will explain these elements in more detail.

43

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.21.846B (2007).

## GOVERNMENT'S REQUEST NO. 34

### Count One - Conspiracy to Distribute Controlled Substances - Existence of an Agreement

The first element of the crime of conspiracy is the existence of an agreement. The government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve the overall objective of the conspiracy, to commit the offense of distributing a controlled substance.

The government does not have to prove the existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding. The government also does not have to prove that all the members of the conspiracy directly met, or discussed between themselves their unlawful objective, or agreed to all the details, or agreed to what the means were by which the objective would be accomplished. The government is not even required to prove that all the people named in the indictment were, in fact, parties to the agreement, or that all members of the alleged conspiracy were named, or that all members of the conspiracy are even known. What the government must prove beyond a reasonable doubt is that two or more persons in some way or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective.

You may consider both direct evidence and circumstantial evidence in deciding whether the government has proved beyond a reasonable doubt that an agreement or mutual understanding existed. You may find the existence of a conspiracy based on evidence of related facts and circumstances which prove that the activities of the participants in a criminal venture could not have been carried out except as the result of a preconceived agreement, scheme, or understanding.

Some factors that may help you determine whether possession of a firearm furthers a drug trafficking crime include, but are not limited to:[1]

- the length of affiliation between the parties, *(United States v. Gibbs, 190 F.3d 188, 199-201 (3d Cir. 1999))*,

- repeated, familiar dealings, or standardized transactions, or the absence of such, *(id)*,

- a buyer's knowledge, or lack of knowledge,  that a seller sells to other people, *(id)*,

- a seller's knowledge, or lack of knowledge, that a buyer is a re-seller, *(id)*,

- whether there were purchases of larger or smaller amounts of drugs *United States v. Pressler, 256 F.3d 144, 153, n.4 (3d Cir. 2001) (citing Gibbs)*;

- code or the absence of code used in drug transactions and conversations,  *(id)*,

- the extensive use of phones between parties involved in drug trafficking, *United States v. Rodriguez, 215 F.3d 110, 117 (1st Cir. 2000)*,

- the presence or absence of credit transactions, *United States v. Price, 13 F.3d 711, 728 (3d Cir. 1994)*,

- whether there is an established method of payment, *United States v. Perez, 280 F.3d 318 (3d Cir. 2002).*

-  whether there is a demonstrated level of mutual trust, *(id).*

---

3rd Circuit Model Criminal Jury Instructions, No. 6.18.371C (2007); additional factors are drawn from cases, as noted.

---

[1]    The use of this neutral formulation is approved in 3rd Circuit Model Criminal Jury Instructions, No. 18.924A-1 (2007), which introduces examples of facts a jury may consider in evaluating whether a weapon is used in furtherance of drug trafficking.

## GOVERNMENT'S REQUEST NO. 35

## Count One - Conspiracy to Distribute Controlled Substances - Membership in the Agreement

If you find that a criminal agreement or conspiracy existed, then in order to find the defendant guilty of conspiracy you must also find that the government proved beyond a reasonable doubt that the defendant knowingly and intentionally joined that agreement or conspiracy during its existence.  The government must prove that the defendant knew the goal or objective of the agreement or conspiracy and voluntarily joined it during its existence, intending to achieve the common goal or objective and to work together with the other alleged conspirators toward that goal or objective.

The government need not prove that the defendant knew everything about the conspiracy or that he knew everyone involved in it, or that he was a member from the beginning. The government also does not have to prove that the defendant played a major or substantial role in the conspiracy.

You may consider both direct evidence and circumstantial evidence in deciding whether the defendant joined the conspiracy, knew of its criminal objective, and intended to further the objective.  Evidence which shows that the defendant only knew about the conspiracy, or only kept "bad company" by associating with members of the conspiracy, or was only present when it was discussed or when a crime was committed, is not sufficient to prove that the defendant was a member of the conspiracy even if the defendant approved of what was happening or did not object to it.  While presence and association alone cannot establish a defendant's participation in a conspiracy, you are permitted to consider presence and

association, along with other evidence, in finding conspiratorial activity by the defendant. [1]

Likewise, evidence showing that the defendant may have done something that happened to help a conspiracy does not necessarily prove that he joined the conspiracy. You may, however, consider this evidence, with all the other evidence, in deciding whether the government proved beyond a reasonable doubt that the defendant joined the conspiracy.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.18.371D (2007)

_____

[1] United States v. Pompa, 434 F.3d 800, 806-07 (5th Cir. 2005); accord United States v. Mickelson, 378 F.3d 810, 821(8th Cir. 2004) (association, while not enough on its own to prove conspiracy, is admissible with other evidence to prove conspiracy).

## GOVERNMENT'S REQUEST NO. 36

**Count One - Conspiracy to Distribute Controlled Substances - Mental States**

In order to find a defendant guilty of conspiracy you must find that the government proved beyond a reasonable doubt that the defendant joined the conspiracy knowing of its objective and intending to help further or achieve that objective. That is, the government must prove (1) that the defendant knew of the objective or goal of the conspiracy, (2) that the defendant joined the conspiracy intending to help further or achieve that goal or objective, and (3) that the defendant and at least one other alleged conspirator shared a unity of purpose toward that objective or goal.

You may consider both direct evidence and circumstantial evidence, including the defendant's words or conduct and other facts and circumstances, in deciding whether the defendant had the required knowledge and intent. For example, evidence that the defendant derived some benefit from the conspiracy or had some stake in the achievement of the conspiracy's objective might tend to show that the defendant had the required intent or purpose that the conspiracy's objective be achieved.

---------------------

3rd Circuit Model Criminal Jury Instructions, No. 6.18.371E (2007).

## GOVERNMENT'S REQUEST NO. 37

**Count One - Actual or Exact Amount of Controlled Substance Need Not be Proven**

The evidence received in this case need not prove the exact amount of the controlled substances alleged in Count One of the indictment as the subject of the conspiracy to distribute by the defendants Alton Coles, Timothy Baukman, James Morris and Monique Pullins.

The government must prove beyond a reasonable doubt, however, that each defendant conspired with others to distribute a detectible amount of cocaine or cocaine base ("crack").

If you find that a defendant conspired with others to distribute a detectible amount of cocaine or cocaine base ("crack"), you must also determine whether the defendant conspired to distribute certain amounts of cocaine or cocaine base ("crack"). In doing so, you will answer special interrogatories as to each defendant: (1) whether each defendant conspired to distribute 500 grams or more of a mixture or substance containing cocaine, or 5 grams or more of a mixture or substance containing cocaine base ("crack"), and (2) whether each defendant conspired to distribute 5 kilograms or more of cocaine, or 50 kilograms of cocaine base ("crack").

_____

2B O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 64.14 (5th ed. 2000).

50

## GOVERNMENT'S REQUEST NO. 38

### Count One - Quantity of Drug Interrogatory

If you find any defendant guilty of any of the offenses charged in Count One, you must answer some questions, called jury interrogatories, to decide whether the offense involved certain weights or quantities of controlled substances. Do not answer these jury interrogatories until after you have reached your verdict. If you find that the government has not proved any defendant guilty of any of the offenses charged in Count One, then you do not need to answer the interrogatories.

If you find a defendant guilty, then in answering these interrogatories, as in deciding your verdict, you must be unanimous, and in order to find that the offense involved a certain weight or quantity of controlled substances, you must all be satisfied that the government proved the weight or quantity beyond a reasonable doubt. Weight or quantity means the total weight of any mixture or substance which contains a detectable amount of the controlled substance charged.

Jury Interrogatory Number One relates to Count One and asks you to indicate whether the amount of the mixture or substance containing cocaine and the amount of the mixture or substance containing cocaine base ("crack") that you unanimously agree, by proof beyond a reasonable doubt, that the parties to the conspiracy agreed to distribute met or exceeded a certain weight. In making this decision, you should consider all controlled substances that the members of the conspiracy actually distributed during the course of the conspiracy.

To answer this interrogatory, simply check off the appropriate amount on the verdict sheet.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.21.841C (2007).

## GOVERNMENT'S REQUEST NO. 39

**Count One - Conspiracy to Distribute Controlled Substances - Overt Acts Need Not be Proved**

Count One of the indictment alleges that in furtherance of the conspiracy, various overt acts were committed.

To prove the crime of conspiracy under Title 21, United States Code, Section 846, the government is not required to prove that any overt acts were performed.  Under the law, the agreement to commit the offense is alone sufficient to prove a charge of conspiracy against a defendant, if you find that that defendant intentionally became a member of the conspiracy. Proof of the commission of overt acts is merely evidence from which you may infer the existence of the conspiracy.

---

United States v. Shabani, 513 U.S. 10, 15 (1994); United States v. Dreyer, 533 F.2d 112, 117 n.6 (3d Cir. 1976).

## GOVERNMENT'S REQUEST NO. 40

**Count One - Conspiracy to Distribute Controlled Substances - Success Immaterial**

The government is not required to prove that any of the members of the conspiracy were successful in achieving any or all of the objectives of the conspiracy. You may find the defendant guilty of conspiracy if you find that the government proved beyond a reasonable doubt the elements I have explained, even if you find that the government did not prove that any of the conspirators actually committed any other offense against the United States. Conspiracy is a criminal offense separate from the offense that was the objective of the conspiracy; conspiracy is complete without the commission of that offense.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.18.371G (2007).

53

## GOVERNMENT'S REQUEST NO. 41

### Count One - Conspiracy to Distribute Controlled Substances - Charged Period and Duration

Although Count One of the indictment charges that the conspiracy existed from at least January 1998, through on or about August 10, 2005, it is not essential that the government prove that the conspiracy started or ended on or about those specific dates. It is sufficient if you find that in fact the charged conspiracy was formed and existed for some time within the period set forth in the indictment.[1]

A conspiracy ends when the objectives of the conspiracy have been achieved or when all members of the conspiracy have withdrawn from it. However, a conspiracy may be a continuing conspiracy and if it is, it lasts until there is some affirmative showing that it has ended or that all its members have withdrawn. A conspiracy may be a continuing one if the agreement includes an understanding that the conspiracy will continue over time. Also, a conspiracy may have a continuing purpose or objective and, therefore, may be a continuing conspiracy.[2]

---

[1]     See 1A O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 13.05 (5th ed. 2000).

[2]     3rd Circuit Model Criminal Jury Instructions, No. 6.18.371I (2007).

## GOVERNMENT'S REQUEST NO. 42

### Count One - Conspiracy to Distribute Controlled Substances - Acts And Statements Of Co-Conspirators

Evidence has been admitted in this case that certain persons, who are alleged to be co-conspirators of the defendant, did or said certain things.  The acts or statements of any member of a conspiracy are treated as the acts or statements of all the members of the conspiracy, if these acts or statements were performed or spoken during the existence of the conspiracy and to further the objectives of the conspiracy.

Therefore, you may consider as evidence against the defendant any acts done or statements made by any members of the conspiracy, during the existence of and to further the objectives of the conspiracy.  You may consider these acts and statements even if they were done and made in the defendant's absence and without his knowledge.  As with all the evidence presented in this case, it is for you to decide whether you believe this evidence and how much weight to give it.

Acts done or statements made by an alleged co-conspirator before the defendant joined the alleged conspiracy may also be considered by you as evidence against the defendant.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.18.371K (2007).

## GOVERNMENT'S REQUEST NO. 43

Counts 40, 49, 61, 62, 68, 70, 181 and 182, which I will call "substantive counts," for the purpose of this particular instruction, each charge more than one defendant with a crime. Count 40 charges Alton Coles and Dante Tucker with distribution of cocaine. Count 49 charges Alton Coles and Monique Pullins with maintaining a house for drug trafficking. Count 61 charges Alton Coles, Dante Tucker and Timothy Baukman with maintaining a house for drug trafficking. Count 62 charges Alton Coles, Dante Tucker and Timothy Baukman with possession with intent to distribute cocaine. Count 68 charges Alton Coles, Dante Tucker and Timothy Baukman with possession of firearms in furtherance of drug trafficking. Count 70 charges Alton Coles and Monique Pullins with possession of a firearm in furtherance of drug trafficking. Counts 181 and 182 charges Alton Coles and Adrian McKenzie with possession of firearms in furtherance of drug trafficking.

A conspirator is responsible for offenses committed by his or her fellow conspirators if he or she was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of and as a foreseeable consequence of the conspiracy.

If you find that a defendant named in a "substantive" count is also a defendant guilty of the conspiracy charged in Count One, and if you find beyond a reasonable doubt that while he or she was a member of the conspiracy, a fellow conspirator, also named with the defendant in a "substantive count," committed the crime described in the "substantive count" in furtherance of and as a foreseeable consequence of that conspiracy, then you should find the defendant charged guilty.

--------------------------------

Federal Criminal Jury Instructions of the Seventh Circuit, Instructions 5.10, 1999; see Pinkerton v. United States, 328 U.S. 647-48 (1946)

## GOVERNMENT'S REQUEST NO. 44

### Count 40 - Distribution of a Controlled Substance - Elements of the Offense

Count 40 of the indictment charges defendant Alton Coles with distributing a mixture or substance containing a controlled substance, specifically cocaine, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

*First,* that the defendant distributed a mixture or substance containing a controlled substance;

*Second,* that the defendant distributed the controlled substance knowingly or intentionally;

*Third,* that the controlled substance was cocaine.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.21.841B (2007).

## GOVERNMENT'S REQUEST NO. 45

### Count 40 - Distribution of a Controlled Substance - "To Distribute"  – Defined

   Distribute, as used in the offense charged, means deliver or transfer possession or control of a controlled substance from one person to another.

   Distribute includes the sale of a controlled substance by one person to another, but does not require a sale.  Distribute also includes a delivery or transfer without any financial compensation, such as a gift or trade.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.21.841-2 (2007).

## GOVERNMENT'S REQUEST NO. 46

**Count 40 - Distribution of a Controlled Substance - Controlled Substance Defined**

You are instructed that, as a matter of law, cocaine is a controlled substance, that is, some kind of prohibited drug.

It is solely for you, however, to decide whether the government has proved beyond a reasonable doubt that the defendant distributed a mixture or substance containing cocaine.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.21.841-3 (2007).

59

## GOVERNMENT'S REQUEST NO. 47

## Count 40 - Distribution of a Controlled Substance - Knowingly or Intentionally Defined

To act knowingly, as used in the offense charged, means that the defendant was conscious and aware that he was engaged in the act charged and knew of the surrounding facts and circumstances that make out the offense. Knowingly does not require that the defendant knew that the acts charged and surrounding facts amounted to a crime.

To act intentionally, as used in the offense charged, means to act deliberately and not by accident. Intentionally does not require that the defendant intended to violate the law.

The phrase "knowingly or intentionally," as used in the offense charged, requires the government to prove beyond a reasonable doubt that the defendant knew that what he distributed was a controlled substance. In addition, the government must also prove beyond a reasonable doubt that the controlled substance was in fact cocaine. However, as long as you find that the government proved beyond a reasonable doubt that the defendant knew that what he distributed was a controlled substance, you need not find that the defendant knew that the controlled substance was cocaine.

In deciding whether the defendant acted "knowingly or intentionally," you may consider evidence about what the defendant said, what he did and failed to do, how he acted, and all the other facts and circumstances shown by the evidence that may prove what was in his mind at that time.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.21.841-4 (2007).

## GOVERNMENT'S REQUEST NO. 48

### Count 40 - Distribution of a Controlled Substance - Actual or Exact Amount of Controlled Substance Need Not be Proven

The evidence received in this case need not prove the exact amount of the controlled substance alleged in Count 40 of the indictment as distributed by the defendant, Alton Coles.

The government must prove beyond a reasonable doubt, however, that a measurable amount of the controlled substance was, in fact, knowingly and intentionally distributed by defendant.

_____

2B O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 64.14 (5th ed. 2000).

### GOVERNMENT'S REQUEST NO. 49

**Count 62 - Possession of a Controlled Substance with the Intent to Distribute  - Nature of the Offense Charged**

Count 62 of the indictment charges Alton Coles and Timothy Baukman with possessing a mixture or substance containing a controlled substance, specifically cocaine, with the intent to distribute the controlled substance, which is a violation of federal law.

In order to find a defendant guilty of this offense, you must find that the government proved each of the following four elements beyond a reasonable doubt:

*First,* that the defendant possessed a mixture or substance containing a controlled substance;

*Second,* that the defendant possessed the controlled substance knowingly or intentionally;

*Third,* that the defendant intended to distribute the controlled substance; and

*Fourth,* that the controlled substance was cocaine.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.21.841A (2007).

## GOVERNMENT'S REQUEST NO. 50

### Count 62 - Possession of a Controlled Substance with the Intent to Distribute - "To Possess" – Defined

To "possess" a controlled substance means to have it within a person's control. The government does not have to prove that a defendant physically held the controlled substance, that is, had actual possession of it.  As long as the controlled substance was within his control, he possessed it.  If you find that the defendant either had actual possession of the controlled substance or had the power and intention to exercise control over it, even though it was not in his physical possession - that is, that the defendant had the ability to take actual possession of the substance when he wanted to do so - you may find that the government has proved possession. Possession may be momentary or fleeting.  Proof of ownership of the controlled substance is not required.

The law also recognizes that possession may be sole or joint.  If one person alone possesses a controlled substance, that is sole possession. However, more than one person may have the power and intention to exercise control over a controlled substance. This is called joint possession.  If you find that the defendant had such power and intention, then he possessed the controlled substance even if he possessed it jointly with another.

Mere proximity to the controlled substance or mere presence on the property where it is located or mere association with the person who does control the controlled substance or the property is not enough to support a finding of possession.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.21.841-1 (2007).

63

## GOVERNMENT'S REQUEST NO. 51

<u>**Count 62 - Possession of a Controlled Substance with the Intent to Distribute  -
"With Intent to Distribute"  – Defined**</u>

In order to find the defendants guilty of possession of a controlled substance with intent to distribute, as charged in Count 62 of the indictment, you must find that the government proved beyond a reasonable doubt that they intended to distribute a mixture or substance containing a controlled substance.  To find that they had the intent to distribute, you must find that they had in mind or planned in some way to deliver or transfer possession or control over a controlled substance to someone else.

In determining whether a defendant had the intent to distribute you may consider all the facts and circumstances shown by the evidence presented, including his words and actions.  In determining a defendant's intent to distribute controlled substances, you may also consider, among other things, the quantity and purity of the controlled substance, the manner in which the controlled substance was packaged, and the presence or absence of weapons, large amounts of cash, or equipment used in the processing or sale of controlled substances.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.21.841-5 (2007).

## GOVERNMENT'S REQUEST NO. 52

### Count 62 - Possession of a Controlled Substance with the Intent to Distribute - Controlled Substance Defined; Knowingly and Intentionally Defined; Exact Amount Need not be Proven

I remind you that, as a matter of law, cocaine is a controlled substance, that is, some kind of prohibited drug.

It is solely for you, however, to decide whether the government has proved beyond a reasonable doubt that the defendants possessed with the intent to distribute a mixture or substance containing cocaine.

The definitions of knowingly and intentionally which I just gave you apply to Count 62 as well.

Finally, to prove Count 62, like Count 40, the government need not prove the exact amount of the controlled substance alleged in the indictment as distributed by the defendant.

The government must prove beyond a reasonable doubt, however, that a measurable amount of the controlled substance was, in fact, knowingly and intentionally distributed by defendants.

_____

3rd Circuit Model Criminal Jury Instructions, Nos. 6.21.841-3 and 6.21.841-4 (2007); 2B O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 64.14 (5th ed. 2000).

## GOVERNMENT'S REQUEST NO. 53

### Count Two - Continuing Criminal Enterprise - Indictment and Statute

Count Two of the indictment charges that beginning in at least January 1998 until on or about August 10, 2005, defendants Alton Coles and Timothy Baukman engaged in a continuing criminal enterprise in that they committed a violation of certain narcotics laws as part of a continuing series of such violations and that, further, this series was done in some type of agreement with at least five other persons who were managed or supervised or organized by the defendants, and that from this continuing series of narcotics violations the defendants received substantial income.

Section 848(a) of Title 21 of the United States Code provides, in part, that:

> Any person who engages in a continuing criminal enterprise shall be … guilty of an offense against the United States.

Section 848(c) of Title 21 of the United States Code provides, in part, that:

> (c) … a person is engaged in a continuing criminal enterprise if
>
> > (1) he violates any provision of this subchapter or subchapter II of this chapter the punishment for which is a felony, and
> >
> > (2) such violation is part of a continuing series of violations of this subchapter or subchapter II of this chapter—
> >
> > > (A) which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and

66

(B) from which such person obtains substantial income or

resources.

_____

2B O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §§ 66.01 and 66.02 (5th ed.

2000).

## GOVERNMENT'S REQUEST NO. 54

### Count Two - Continuing Criminal Enterprise - Essential Elements

In order to sustain its burden of proof for the crime of operating a continuing criminal enterprise as charged in Count Two of the indictment, the government must prove the following five (5) essential elements beyond a reasonable doubt:

*One*: defendant committed a felony violation of the federal narcotics laws as detailed in Counts 1, 38, 40-48, 49-56, 61, 62, and 176 of the indictment;

*Two*: such violation was part of a continuing series of related violations of the federal narcotics laws;

*Three*: the continuing series of violations was undertaken by the defendant in association or concert with five or more other persons;

*Four*: defendant was an organizer of these five (5) or more persons or occupied a management or supervisory position with respect to these five (5) or more persons; and

*Five*: defendant obtained substantial income or resources from the continuing series of narcotics violations.

---

2B O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 66.03 (5th ed. 2000).

## GOVERNMENT'S REQUEST NO. 55

**Count Two - Continuing Criminal Enterprise - Felony violation of the federal narcotics law - Defined**

The phrase "felony violation of the federal narcotics laws" as used in these instructions means the commission of any act specifically prohibited by certain sections of the United States Code for which the defendant could be imprisoned for more than one (1) year.

Conspiracy to distribute cocaine and cocaine base ("crack"), distribution of cocaine or cocaine base ("crack"); possession with intent to distribute cocaine or cocaine base ("crack"); using a telephone to facilitate a drug trafficking crime; maintaining a property for drug trafficking; and investing drug income in an interstate enterprise are "felony violations of the narcotics laws."

_____

2B O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 66.04 (5th ed. 2000).

## GOVERNMENT'S REQUEST NO. 56

**Count Two - Continuing Criminal Enterprise - "A continuing series of violations" -**

**Defined**

The phrase "a continuing series of violations" means three (3) or more violations of the federal narcotics laws which are in some way related to one another.

_____

2B O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 66.05 (5th ed. 2000).

## GOVERNMENT'S REQUEST NO. 57

**Count Two - Continuing Criminal Enterprise - "In concert with five or more other persons" - Defined**

The phrase "in concert with five or more other persons" means some type of agreement or joint action, whether direct or indirect, with at least five other persons who were involved in the continuing series of narcotics violations.

The phrase "in concert with five or more other persons" does not require proof from the government that the "five or more other persons" actually had contact with each other, or knew each other, or committed each violation together, or operated together continuously at the same time. The government is not required to prove that the defendant managed, supervised, or organized these five or more persons at the same time.

The government must prove beyond a reasonable doubt, however, that the defendants and at least "five or more other persons" were part of an agreement or joint action to commit the continuing series of violations of the federal narcotics laws alleged in Count 2 of the indictment.

---

2B O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 66.06 (5th ed. 2000).

**GOVERNMENT'S REQUEST NO. 58**

**Count Two - Continuing Criminal Enterprise - "Organizer, supervisory position, or any other position of management" - Defined**

    The term "organizer" and the terms "supervisory position" and "position of management" are to be given their usual and ordinary meanings. These words imply the exercise of power or authority by a person who occupies some position of management or supervision. This person need not be the sole or only organizer, supervisor, or manager of the activities or persons in question.

---

2B O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 66.07 (5th ed. 2000).

## GOVERNMENT'S REQUEST NO. 59

**Count Two - Continuing Criminal Enterprise - "Obtains substantial income or resources" - Defined**

The phrase "obtains substantial income or resources" should also be given its usual and ordinary meaning. The statute requires proof that the income or resources obtained from the activity must be significant, not trivial. It is not limited to profit, but includes gross income or gross receipts.

"Substantial income or resources" may include money and other things of value, such as controlled substances, which are actually received by the defendant.

_____

2B O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 66.08 (5th ed. 2000).

## GOVERNMENT'S REQUEST NO. 60

### Counts 38, 41-48, 50-56 - Illegal Use of a Communication Facility - Elements

Defendants Alton Coles, Monique Pullins, and James Morris are charged with illegal use of a communication facility in violation of federal law. The government must prove beyond a reasonable doubt that the defendants knowingly or intentionally used a communication facility in committing or in causing or facilitating the commission of the drug trafficking offenses charged in the indictment.

_____

21 U.S.C. § 843; Ninth Circuit Manual of Model Jury Instructions, Criminal No. 9.25 (2000);

United States v. Johnstone, 856 F.2d 539, 542-43 (3d Cir. 1988).

## GOVERNMENT'S REQUEST NO. 61

### Counts 38, 41-48, 50-56 - Illegal Use of a Communication Facility - Definitions

The term "communication facility" as used in these instructions means the telephone, radio, wire or any other public or private means of communication.[1]

The term "facilitate the commission," as used in these instructions, means to assist or help someone do something or in some way make the task less difficult to accomplish.[2]

---

[1]     2B O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 65.04 (5th ed. 2000).

[2]     2B O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u> § 65.05 (5th ed. 2000).

**GOVERNMENT'S REQUEST NO. 62**

**Counts 49, 61 & 67 - Maintaining a House for Drug Trafficking - Indictment and Statute**

Defendants Alton Coles and Monique Pullins are charged in Count 49 with maintaining a drug-involved premises. The indictment charges that the defendants knowingly managed and controlled, and knowingly aided and abetted the management and control of, the apartment located at 1416 Clearview Street, Apartment F520, as a lessee, and knowingly and intentionally made available for use this apartment for the purpose of unlawfully storing and distributing, a controlled substance, that is, cocaine.

Defendants Alton Coles and Timothy Baukman are charged in Count 61 with maintaining a drug-involved premises. The indictment charges that the defendants knowingly managed and controlled, and knowingly aided and abetted the management and control of, the apartment located at 339 East Essex Avenue, Lansdowne, Pennsylvania, as lessees and occupants, and knowingly and intentionally made available for use this apartment for the purpose of unlawfully storing and distributing controlled substances, that is, cocaine and cocaine base ("crack")

Defendants James Morris and Thais Y. Thompson are charged in Count 67 with possession of a firearm in furtherance of drug trafficking. As part of that Count, they are charged with maintaining a house for the purpose of unlawfully storing and distributing a controlled substance.

The indictment charges the defendants with violating section 856(a)(2) of Title 21 of the United States Code. That section provides in relevant part:

> [I]t shall be unlawful to ... manage or control any place, whether permanently or temporarily, either as an owner, lessee, agent, employee, occupant, or mortgagee, and knowingly and intentionally rent, lease, profit from, or make available for use, with or without compensation, the place

for the purpose of unlawfully manufacturing, storing, distributing, or using a controlled substance.

_____

21 U.S.C. § 856(a)(2).

## GOVERNMENT'S REQUEST NO. 63

### Counts 49, 61 & 67 - Maintaining a House for Drug Trafficking - Elements of the Offense

In order to prove a defendant guilty of managing or controlling a place used by others as a drug-involved premises, the government must prove each of the following elements beyond a reasonable doubt:

*First*, that the defendant managed or controlled the premises identified in the indictment as a lessee or occupant;

*Second*, that the defendant made available for use with or without compensation that property as alleged in the indictment;

*Third*, that the occupants used the place for the purpose of manufacturing, storing, distributing or using a controlled substance; and

*Fourth*, that the defendants acted knowingly and intentionally.

---

3 L. Sand, et al, Modern Federal Jury Instructions - Criminal, Instruction No. 56-45 (2007).

## GOVERNMENT'S REQUEST NO. 64

**Counts 49, 61 & 67 - Maintaining a House for Drug Trafficking - First Element - Management or Control of a Place**

   The first element which the government must prove beyond a reasonable doubt is that the defendants managed or controlled the premises identified in the indictment as a lessee or occupant.

_____

3 L. Sand, et al, <u>Modern Federal Jury Instructions - Criminal</u>, Instruction No. 56-46 (2007).

## GOVERNMENT'S REQUEST NO. 65

### Counts 49, 61 & 67 - Maintaining a House for Drug Trafficking - Second Element - Made Available for Use

_____The second element which the government must prove beyond a reasonable doubt

is that the defendants made available for use with or without compensation or leased that

property as alleged in the indictment.


_____

3 L. Sand, et al, <u>Modern Federal Jury Instructions - Criminal,</u> Instruction No. 56-47 (2007).

## GOVERNMENT'S REQUEST NO. 66

### Counts 49, 61 & 67 - Maintaining a House for Drug Trafficking -Third Element - Purpose of Using Place

The third element which the government must prove beyond a reasonable doubt is that the occupants used the place for the purpose of manufacturing, storing, distributing or using a controlled substance.

To establish this element, the government must prove that the drug activity was a significant or principal reason why the occupants used the place. The government is not required to prove that the drug activity was their only purpose in using the place, although that would obviously satisfy this element.

_____

3 L. Sand, et al, Modern Federal Jury Instructions - Criminal, Instruction No. 56-48 (2007).

## GOVERNMENT'S REQUEST NO. 67

**Counts 49, 61 & 67 - Maintaining a House for Drug Trafficking - Fourth Element - Knowing and Intentional Conduct**

The fourth element which the government must prove beyond a reasonable doubt is that the defendant acted knowingly and intentionally.

To establish this element, the government must prove that the drug activity was occurring at the premises identified in the indictment and defendants knew of and intentionally allowed that activity to continue.

An act is done knowingly when it is done voluntarily and not because of accident, mistake or some other innocent reason. An act is done intentionally when it is done deliberately and purposefully.

The question of whether a person acted with knowledge or intent is a question of fact for you to determine, like any other fact question. Direct proof of knowledge and intent is not always available, and such proof is not required. The ultimate fact of whether someone knew or intended something at a particular time, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

_____

3 L. Sand, et al, Modern Federal Jury Instructions - Criminal, Instruction No. 56-49 (2007).

## GOVERNMENT'S REQUEST NO. 68

### Willful Blindness

In this case, defendant Monique Pullins alleges she did not know of the drug activity allegedly occurring at the property at 1416 Clearview Street, Apartment F520.  When, as in this case, knowledge of a particular fact or circumstance is an essential part of the offense charged, the government may prove that a defendant knew of that fact or circumstance if the evidence proves beyond a reasonable doubt that the defendant deliberately closed her eyes to what would otherwise have been obvious to her.

No one can avoid responsibility for a crime by deliberately ignoring what is obvious. Thus, you may find that Monique Pullins knew of the drug activity at 1416 Clearview Street, Apartment F520, based on evidence which proves that: (1) she was aware of a high probability of this fact, and (2) she consciously and deliberately tried to avoid learning about this fact.

You may not find that Monique Pullins knew of drug activity at 1416 Clearview Street, Apartment F520, if you find that the defendant actually believed that this fact did not exist.  Also, you may not find that Monique Pullins knew of the drug activity at 1416 Clearview Street, Apartment F520, only if Monique Pullins should have known of the fact or that a reasonable person would have known of a high probability of the fact.  It is not enough that Monique Pullins may have been stupid or foolish, or may have acted out of inadvertence or accident. You must find that Monique Pullins was actually aware of a high probability that the drug activity at 1416 Clearview Street, Apartment F520 was occurring, as alleged in the

indictment, and that Monique Pullins deliberately avoided learning about it, and did not actually

believe that it did not exist.

_____

3rd Circuit Model Criminal Jury Instructions, No. 5.06 (2006).

## GOVERNMENT'S REQUEST NO. 69

### Count 176 - Investing Drug Income in an Interstate Enterprise - Indictment and Statute

Count 176 charges defendant Alton Coles with investing drug proceeds in an interstate enterprise. The indictment alleges that from on or about January 11, 2002, to on or about April 5, 2002, defendant Alton Coles, having received income derived, directly and indirectly, from a violation of Title 21, United States Code, Section 846, in which defendant participated as a principal within the meaning of Title 18, United States Code, Section 2, knowingly and intentionally used and invested, directly and indirectly, part of such income, and the proceeds of such income, in the acquisition of an interest in, and the establishment and operation of, an enterprise, that is, Take Down Limited and the Production Partnership, which is engaged in, and the activities of which affect interstate and foreign commerce.

Title 21, United States Code, Section 854(a) provides that:

It shall be unlawful for any person who has received any income derived, directly or indirectly, from a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year in which such person has participated as a principal within the meaning of section 2 of Title 18 to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect interstate or foreign commerce.

---

21 U.S.C. § 854(a).

## GOVERNMENT'S REQUEST NO. 70

## Count 176 - Investing Drug Income in an Interstate Enterprise - Essential Elements

In order to prove Alton Coles guilty of investing drug income in an interstate enterprise, the government must prove each of the following elements beyond a reasonable doubt:

*First*: Coles was a principal in the conspiracy to distribute cocaine and cocaine base ("crack") charged in Count 1;

*Second*: Coles received income from that conspiracy;

*Third*:  Coles knowingly and intentionally invested or used part of that income to acquire an interest in, or to establish or operate, an enterprise;

*Fourth*:  the enterprise must be engaged in, or its activities must affect, interstate or foreign commerce.

## GOVERNMENT'S REQUEST NO. 71

## Count 176 - Investing Drug Income in an Interstate Enterprise - Principal - Defined

As I instructed you earlier, a person may be guilty of an offense because he personally committed the offenses himself or because he aided and abetted another person in committing the offense. Title 18, United States Code Section 2 provides that:

(a)Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

_____

18 U.S.C. § 2.

## GOVERNMENT'S REQUEST NO. 72

### Count 176 - Investing Drug Income in an Interstate Enterprise - Knowingly and Intentionally - Defined

"Knowingly" with respect to this offense means that the government must prove beyond a reasonable doubt that Alton Coles was conscious and aware of the nature of his actions and of the surrounding facts and circumstances, as specified in the definition of the offense charged.

"Intentionally" with respect to this offense means that the government must prove beyond a reasonable doubt either (1) that it was Coles's conscious desire or purpose to act in a certain way or to cause a certain result, or that (2) Coles knew that he was acting in that way or would be practically certain to cause that result.

In deciding whether he acted "knowingly" and "intentionally", you may consider evidence about what he said, what he did and failed to do, how he acted, and all the other facts and circumstances shown by the evidence that may prove what was in his mind at that time.

The government is not required to prove that Coles knew his acts were against the law.

_____

3rd Circuit Model Criminal Jury Instructions, Nos. 5.02 and 5.03 (2006).

## GOVERNMENT'S REQUEST NO. 73

**Count 176 - Investing Drug Income in an Interstate Enterprise - Enterprise - Defined**

Title 21, United States Code, Section 854(c) provides that:

As used in this section, the term "enterprise" includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity.

The parties have stipulated that the entities alleged in Count 176, "Take Down" and its production partnership with "Get Dat Dough," were "enterprises" under the statute. You should accept this stipulation and regard these facts as proven.

_____

21 U.S.C. § 854(c).

89

## GOVERNMENT'S REQUEST NO. 74

### Count 176 - Investing Drug Income in an Interstate Enterprise - Affecting Interstate or Foreign Commerce

The final element you must decide is whether the enterprise engaged in interstate or foreign commerce, or affected interstate or foreign commerce through its activities. Interstate commerce is commerce between any two or more states (or between one state and the District of Columbia or between a state and a U.S. Territory or possession or on commerce within one state that goes through any place outside that state). Foreign commerce is commerce between the United States or any state and another country.

If you decide that there was any effect at all on interstate commerce, then that is enough to satisfy this element. The effect can be minimal. For example, if a business used its funds to purchase articles which travel through interstate commerce, or if the business sold tickets to customers in other states, that would be a sufficient effect on interstate commerce.

You do not have to decide whether the enterprise's effect on interstate commerce was harmful or beneficial to a particular business, or to commerce in general. The government satisfies its burden of proving an effect on interstate commerce if it proves beyond a reasonable doubt any effect, whether it was harmful or not. The defendant need not have known of, intended, or anticipated the enterprise's effect on interstate commerce.

The parties have stipulated that the entities alleged in Count 176, "Take Down" and its production partnership with "Get Dat Dough," were "enterprises" engaged in, and whose activities affected, interstate or foreign commerce. You should accept this stipulation and regard these facts as proven.

———————————————

Adapted from 3 L. Sand, et al, <u>Modern Federal Jury Instructions - Criminal</u>, Instruction No. 50-7 (2007).

## GOVERNMENT'S REQUEST NO. 75

**Counts 63, 67, 68, 70, 72, 181-183 - Possession of a Firearm in Furtherance of a Drug Trafficking Crime**

Alton Coles, Timothy Baukman, Monique Pullins, James Morris, and Thais Y. Thompson are each charged in various counts of the indictment with possessing a firearm in furtherance of a drug trafficking crime, which is a violation of federal law. The conspiracy to distribute cocaine and crack cocaine charged in Count One, the maintaining of a property for drug trafficking charged in Counts 49, 61, and 67, and the possession with intent to distribute cocaine charged in Count 62 are drug trafficking crimes.

In order to find a defendant guilty of possessing a firearm in furtherance of a drug trafficking crime, you must find that the government proved each of the following two elements beyond a reasonable doubt:

*First*: That the defendant committed the drug trafficking crime which he/she is charged with possessing the firearm in furtherance of; and

*Second*: That the defendant knowingly possessed a firearm in furtherance of this crime. If you find he/she possessed the firearm, you must consider whether the possession was in furtherance of the drug trafficking crime charged.

_____

3rd Circuit Model Criminal Jury Instructions, No. 18.924A (2007).

## GOVERNMENT'S REQUEST NO. 76

**Counts 63, 67, 68, 70, 72, 181-183 - Possession of a Firearm in Furtherance of a Drug Trafficking Crime - "In Furtherance of" Defined**

Possession "in furtherance of" means for the purpose of assisting in, promoting, accomplishing, advancing, or achieving the goal or objective of conspiracy to possess with intent to distribute a controlled substance, or possession with intent to distribute a controlled substance.

Mere presence of a firearm at the scene is not enough to find possession in furtherance of a drug trafficking crime. The firearm's presence may be coincidental or entirely unrelated to the underlying crime. Some factors that may help you determine whether possession of a firearm furthers a drug trafficking crime include, but are not limited to:

1. the type of criminal activity that is being conducted;

2. accessibility of the firearm;

3. the type of firearm;

4. whether the firearm is stolen;

5. whether the defendant possesses the firearm legally or illegally;

6. whether the firearm is loaded;

7. the time and circumstances under which the firearm is found; and

8. proximity to drugs or drug profits.

_____

3rd Circuit Model Criminal Jury Instructions, No. 18.924A-1 (2007).

## GOVERNMENT'S REQUEST NO. 77

**Counts 59, 60, 69, 71 and 72 - Possession of a Firearm by a Convicted Felon**

Counts 59, 60, 69, 71 and 72 of the indictment charge Alton Coles with being a felon in possession of a firearm, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

*First*: That Alton Coles has been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year;

*Second*: That after this conviction, he knowingly possessed the firearm described in Counts 59, 60, 69, 71 and 72 of the indictment; and

*Third*: That his possession was in or affecting interstate or foreign commerce.

_____

3rd Circuit Model Criminal Jury Instructions, No. 18.922G (2007).

## GOVERNMENT'S REQUEST NO. 78

**Counts 59, 60, 69, 71 and 72 - Possession of a Firearm by a Convicted Felon - Proof of Prior Conviction**

In order to find the defendant guilty of this offense, you must find that the government proved that before the date Alton Coles is charged with possessing the firearm, he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

The parties have stipulated that Alton Coles was convicted of a crime in state court and that this crime is punishable by imprisonment for a term exceeding one year. The parties have also stipulated that this felony conviction occurred prior to the time that Alton Coles is alleged to have possessed the firearm charged in the indictment. You should accept this stipulation and regard this fact as proved.

_____

3rd Circuit Model Criminal Jury Instructions, No. 18.922G-2 (2007).

## GOVERNMENT'S REQUEST NO. 79

**Counts 59, 60, 69, 71 and 72- Possession of a Firearm by a Convicted Felon - Evidence of Prior Conviction of Defendant Charged with Possession of a Firearm by a Convicted Felon**

You heard evidence *(through a stipulation)* that the defendant was convicted before this incident in both the Camden County Superior Court in New Jersey and in the Court of Common Pleas of Delaware County, Pennsylvania of crimes punishable by imprisonment for a term exceeding one year.  These prior convictions were brought to your attention only because they tend to establish one of the elements of the crime of possession of a firearm by a convicted felon as set forth in the indictment.  You are not to speculate as to the nature of the convictions. You may not consider the prior convictions in deciding whether Alton Coles was in knowing possession of the firearm that he is charged in this case with possessing, which is a disputed issue in this case.

The fact that the defendant was found guilty of another crime on another occasion does not mean that he committed the crimes with which he is charged here, and you must not use his guilt of the other crime as proof of the crime charged in this case except for the one element of this crime which I have mentioned.  You may find the defendant guilty of this crime only if the government has proved beyond a reasonable doubt all of the elements of this crime.

_____

3rd Circuit Model Criminal Jury Instructions, No. 18.922G-3 (2007).

## GOVERNMENT'S REQUEST NO. 80

**Counts 59, 60, 69, 71 and 72 - Possession of a Firearm by a Convicted Felon - Firearm Defined**

A firearm is defined by law as "any weapon . . . which will or is designed to or may readily be converted to expel a projectile by the action of an explosive . . . ."  This term includes any handgun, revolver, rifle or shotgun, as well as the frame or receiver of any such weapon, [or any firearm silencer or muffler, or destructive device].

The parties have stipulated that the weapons alleged in Counts 59, 60, 69, 71 and 72 are "firearms" within the meaning of the statute.  You should accept this stipulation as evidence and regard this fact as proved.

## GOVERNMENT'S REQUEST NO. 81

### Counts 59, 60, 69, 71 and 72 - Possession of a Firearm by a Convicted Felon - Knowing Possession - Defined

To establish the second element of the offense, the government must prove that Alton Coles possessed the firearm in question. To "possess" means to have something within a person's control. The government does not have to prove that Alton Coles physically held the firearm, that is, had actual possession of it. As long as the firearm was within his control, he possessed it. If you find that he either had actual possession of the firearm or had the power and intention to exercise control over it, even though it was not in his physical possession - that is, that he had the ability to take actual possession of the object when he wanted to do so - you may find that the government has proven possession. Possession may be momentary or fleeting.

The law also recognizes that possession may be sole or joint. If one person alone possesses a firearm, that is sole possession. However, more than one person may have the power and intention to exercise control over a firearm. This is called joint possession. If you find that Alton Coles had such power and intention, then he possessed the firearm even if he possessed it jointly with another.

Proof of ownership of the firearm is not required.

The government must prove that Alton Coles knowingly possessed the firearm described in the indictment. This means that he possessed the firearm purposely and voluntarily, and not by accident or mistake. It also means that he knew the object was a firearm.

---

3rd Circuit Model Criminal Jury Instructions, No. 18.922G-4 (2007).

## GOVERNMENT'S REQUEST NO. 82

**Counts 59, 60, 69, 71 and 72 - Possession of a Firearm by a Convicted Felon - Interstate Commerce**

The third element that the government must prove beyond a reasonable doubt is that the firearm specified in the indictment was in or affecting interstate *(foreign)* commerce. This means that the government must prove that at some time before the defendant's possession, the firearm had traveled in interstate commerce.

It is sufficient for the government to satisfy this element by proving that at any time prior to the date charged in the indictment, the firearm crossed a state line *(the United States border)*. The government does not need to prove that Alton Coles himself carried it across a state line *(the border)*, or to prove who carried it across or how it was transported. It is also not necessary for the government to prove that he knew that the firearm had traveled in interstate commerce.

The defendant and the government have stipulated that the firearms alleged in Counts 59, 60, 69, 71 and 72 were possessed in interstate commerce as I have defined it. You should accept that stipulation as evidence and regard that fact as proved.

_____

3rd Circuit Model Criminal Jury Instructions, No. 18.922G-5 (2007).

## GOVERNMENT'S REQUEST NO. 83

### Count 187 - Possession of an Unregistered Machine Gun - Indictment and Statute

Defendant Timothy Baukman is charged with possession of an unregistered firearm. Count 187 charges that on or about August 10, 2005, defendant Timothy Baukman knowingly received and possessed a firearm, that is, an Ingram 9 millimeter machine gun, Model M11, serial number 85-0006193, loaded with 29 live rounds of ammunition, which is not registered to him in the National Firearms Registration and Transfer Record.

The relevant statute on this subject is called the National Firearms Act, which provides that:

> It shall be unlawful for any person to receive or posses s a firearm which is not registered to him in the National Firearms Registration and Transfer Record.

_____

2 L. Sand, et al, <u>Modern Federal Jury Instructions - Criminal</u>, Instruction No. 35-85 (2007).

## GOVERNMENT'S REQUEST NO. 84

**Count 187 - Possession of an Unregistered Machine Gun - Purpose of the Statute**

The National Firearms Act provides for the federal taxation of certain classes of firearms and further provides for a central registry of all such firearms in the United States which are not under the control of the government. This central registry is called the National Firearms Registration and Transfer Record.

The information in this registry includes identification of each firearm and the name and address of the person who is entitled to possess the firearm.

_____

2 L. Sand, et al, <u>Modern Federal Jury Instructions - Criminal</u>, Instruction No. 35-86 (2007).

## GOVERNMENT'S REQUEST NO. 85

**Count 187 - Possession of an Unregistered Machine Gun - Elements of the Offense**

The government must prove each of the following elements beyond a reasonable doubt in order to convict:

First, that on or about the date alleged in the indictment, the defendant had possession of a firearm;

Second, that the defendant had knowledge that what he was possessing was a firearm; and

Third, that this firearm was not registered to the defendant in the National Firearms Registration and Transfer Record.

_____

2 L. Sand, et al, <u>Modern Federal Jury Instructions - Criminal</u>, Instruction No. 35-87 (2007).

## GOVERNMENT'S REQUEST NO. 86

### Count 187 - Possession of an Unregistered Machine Gun - First Element - Possession of a Firearm

The first element which the government must prove beyond a reasonable doubt is that the defendant did, in fact, have possession of the firearm in question.

Under section 5861(d), the term "firearm" has a very specific meaning. In this case, the government must prove that the object the defendant possessed was a machine gun, that is, "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger."[1]

To "possess" means to have something within your control. This does not necessarily mean that you must hold it physically, that is, have actual possession of it. As long as the firearm is within your control, you possess it. If you find that the defendant had actual possession, or that he had the power and intention to control the firearm, even though it may have been in the physical possession of another, then you may find that the government has proved possession.

The law recognizes that possession may be sole or joint. If the defendant alone possesses a firearm, that is sole possession. If the defendant jointly with others possesses a firearm, that is joint possession.

---

[1]     26 U.S.C. § 5845(b).

Proof of ownership is not required. Nor is the government required to prove that at the time of the receipt, possession or transport the defendant knew that he was breaking the law. It is sufficient to satisfy this element if you find that the defendant possessed the firearm voluntarily and not by accident or mistake.

---

2 L. Sand, et al, <u>Modern Federal Jury Instructions - Criminal</u>, Instruction No. 35-88 (2007).

## GOVERNMENT'S REQUEST NO. 87

**Count 187 - Possession of an Unregistered Machine Gun - Second Element - Knowing Possession**

The second element the government must prove beyond a reasonable doubt is that the defendant knowingly possessed the firearm.

A person is knowingly in possession if his possession occurs voluntarily and intentionally and not because of mistake or accident. The defendant may not be convicted of possession of a firearm if he did not intend to possess it.

In addition, the government must prove that the defendant knew that the device he possessed had all of the characteristics which make it a "machine gun," as I just defined that term for you.

---

2 L. Sand, et al, <u>Modern Federal Jury Instructions - Criminal</u>, Instruction No. 35-89 (2007).

## GOVERNMENT'S REQUEST NO. 88

### Count 187 - Possession of an Unregistered Machine Gun - Third Element - Firearm Was Not Registered to Defendant

The third element which the government must prove beyond a reasonable doubt is that the firearm in question was not registered to the defendant in the National Firearms Registration and Transfer Record.

The evidence in this case consists of the testimony of Special Agent Michael Ricko that after a search of the National Firearms Registration and Transfer Record, no record was found that the firearm which the government claims was involved in this case was registered to the defendant. From such evidence you may, but need not, find that the government has sustained its burden of proving beyond a reasonable doubt the non-registration of the firearm.

_____

2 L. Sand, et al, <u>Modern Federal Jury Instructions - Criminal</u>, Instruction No. 35-90 (2007).

## GOVERNMENT'S REQUEST NO. 89

**Counts 78, 79, 89-175 - Money Laundering - the Statutes**

Title 18, United States Code, Section 1956(a)(1) provides as follows:

Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity

(A)(i) with the intent to promote the carrying on of specified unlawful activity; or

. . .

(B)(i) knowing that the transaction is designed in whole or in part . . . to conceal or disguise the nature, the location, the source, the ownership or the control of the proceeds of specified unlawful activity . . .

shall [be guilty of a crime].

For purposes of this paragraph, a financial transaction shall be considered to be one involving the proceeds of specified unlawful activity if it is part of a set of parallel or dependent transactions, any one of which involves the proceeds of specified unlawful activity, and all of which are part of a single plan or arrangement.

Title 18, United States Code, Section 1956(h) provides as follows:

Any person who conspires to commit any offense defined in this section . . . shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

---

18 U.S.C. §§ 1956(a)(1)(A)(i), (B)(i) and (h).

**GOVERNMENT'S REQUEST NO. 90**

**Counts 78, 79, 89-175 - Money Laundering - Essential Elements**

Counts 78, 79, 89-175 of the indictment charge defendant Alton Coles, Asya M. Richardson, and Timothy Baukman, with money laundering, which is a federal crime.

In order to find a defendant guilty of money laundering, you must find that the government proved each of the following four elements beyond a reasonable doubt:

*First*: That on or about the dates alleged in the indictment, the defendant conducted a financial transaction, which affected interstate commerce;

*Second*: That the defendant conducted the financial transaction with the proceeds of a specified unlawful activity, that is, conspiracy to distribute cocaine and cocaine base ("crack"), in violation of Title 21, United States Code, Section 846;

*Third*: That the defendant knew the transaction involved the proceeds of some form of unlawful activity; and

As for counts 89-120, you must also find beyond a reasonable doubt that the defendant Timothy Baukman conducted the financial transaction with the intent to promote the carrying on of the specified unlawful activity, that is, the conspiracy to distribute cocaine and cocaine base ("crack"), in violation of Title 21, United States Code, Section 846.

As for Counts 78, 79, and 121-175, you must find beyond a reasonable doubt that the defendant Alton Coles (counts 78 and 79) and Timothy Baukman (counts 121-175) conducted the financial transactions with knowledge that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership or control of the proceeds

of  conspiracy to distribute cocaine and cocaine base ("crack"), in violation of Title 21, United

States Code, Section 846.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.18.1956A (2007).

**GOVERNMENT'S REQUEST NO. 91**

**Counts 78, 79, 89-175 - Money Laundering - Conducting a Financial Transaction Defined**

The first element the government must prove beyond a reasonable doubt is that the defendant conducted a financial transaction.

The term "conducts" includes initiating, concluding, or participating in initiating or concluding a transaction.

The term "transaction" means a a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition of property, or with respect to a financial institution, the deposit, withdrawal, transfer between accounts, or any other payment, transfer, or delivery by, through, or to a financial institution by whatever means effected.

The term "financial transaction" means any "transaction," as I just explained that term which in any way or degree affects interstate or foreign commerce and involves one or more monetary instruments or involves the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.

The parties have stipulated that the transactions alleged in Counts 78, 79 and 89-175 are "financial transactions" as defined above. You should accept this stipulation as evidence and regard this fact as proved.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.18.1956-1 (2007).

## GOVERNMENT'S REQUEST NO. 92

**Counts 78, 79, 89-175 - Money Laundering - Interstate Commerce Defined**

The term "interstate commerce," as used in these instructions, means commerce between any combination of states, territories, or possessions of the United States, including the District of Columbia.

The government is not required to prove that the defendant's transactions with a financial institution themselves affected interstate or foreign commerce. The government is required to prove only that the financial institutions or banks through which the financial transactions were conducted were engaged in or had other activities which affected interstate or foreign commerce in any way or degree.

Further, the government is not required to prove that the defendant knew of or intended the effect on interstate commerce, merely that such an effect occurred.

The parties have stipulated that the financial institutions involved in the transactions alleged in Counts 78, 79 and 89-175, were engaged in and had activities which affected interstate and foreign commerce. You should accept this stipulation as evidence and regard this fact as proved.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.18.1956-2 (2007).

**GOVERNMENT'S REQUEST NO. 93**

**Counts 78, 79, 89-175 - Money Laundering - Proceeds of a Specified Unlawful Activity Defined**

The term "proceeds," as used in these instructions, means any property, or any interest in property, that someone acquires or retains as a result of criminal activity. Proceeds may be derived from an already completed offense or from a completed phase of an ongoing offense, such as a mail fraud scheme.

The government is not required to prove that all of the funds involved in the charged transactions were the proceeds of the specified unlawful activity. A financial transaction involves "proceeds" of a specified unlawful activity even when proceeds of a specified unlawful activity are commingled in an account with funds obtained from legitimate sources. It is sufficient if the government proves beyond a reasonable doubt that at least part of the funds involved in a transaction represents such proceeds of specified unlawful activity.

I instruct you, as a matter of law, that the term "specified unlawful activity" includes conspiracy to distribute cocaine and cocaine base ("crack"), in violation of Title 21, United States Code, Section 846 as charged in this case. I have explained the elements of that offense.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.18.1956-3 (2007).

## GOVERNMENT'S REQUEST NO. 94

**Counts 78, 79, 89-175 - Money Laundering - Knowledge that Property Represents Proceeds of Some Form of Unlawful Activity Defined**

The third element that the government must prove beyond a reasonable doubt is that in conducting a financial transaction the defendants knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.  To satisfy this element, the government must prove that the defendants knew the property involved in the transaction represented proceeds from some form of unlawful activity that is a felony offense under state, federal, or foreign law. The government is not required to prove that he knew what the unlawful activity was.

In this case, the government claims that the defendants knew that the proceeds were derived from unlawful activity which constitutes conspiracy to distribute cocaine and cocaine base ("crack"), in violation of Title 21, United States Code, Section 846, which is a felony under federal law.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.18.1956-4 (2007).

## GOVERNMENT'S REQUEST NO. 95

**Counts 78, 79, 89-175 - Money Laundering - Intent to Promote or to Conceal - Defined**

The final element that the government must prove beyond a reasonable doubt is the intent that a defendant had in conducting the financial transactions.

For Counts 89-120, the government must prove that defendant Timothy Baukman intended to promote the carrying on of the specified unlawful activity, that is, conspiracy to distribute cocaine and cocaine base ("crack"), in violation of Title 21, United States Code, Section 846.

For Counts 78, 79, and 121-175, the government must prove that defendants Coles, *[Richardson - at a bifurcated hearing as to count 79]*, and Baukman intended to conceal or disguise the nature, the source, the ownership, or the control of the proceeds of the specified unlawful activity, that is, conspiracy to distribute cocaine and cocaine base ("crack"), in violation of Title 21, United States Code, Section 846.

Whether a defendant intended to promote the conspiracy to distribute cocaine and cocaine base ("crack") or whether the defendant knew that the purpose of the financial transaction (attempted financial transaction) was to conceal or disguise the nature, location, source, ownership or control of the proceeds of the conspiracy to distribute cocaine and cocaine base ("crack") may be established by proof of a defendant's actual knowledge; by circumstantial evidence; or by a defendant's willful blindness or purposeful ignorance. In other words, you are entitled to find from the circumstances surrounding the financial transactions or attempted financial transactions the purpose of that activity and a defendant's knowledge.

---

3rd Circuit Model Criminal Jury Instructions, No. 6.18.1956-5 (2007).

## GOVERNMENT'S REQUEST NO. 96

**Willful Blindness** [*at bifurcated hearing as to Asya Richardson, Count 79*]

In this case, defendant Asya Richardson alleges she was not aware that the property involved in the financial transaction alleged in Count 79 represented the proceeds of some form of unlawful activity. When, as in this case, knowledge of a particular fact or circumstance is an essential part of the offense charged, the government may prove that a defendant knew of that fact or circumstance if the evidence proves beyond a reasonable doubt that the defendant deliberately closed her eyes to what would otherwise have been obvious to her.

No one can avoid responsibility for a crime by deliberately ignoring what is obvious. Thus, you may find that Asya Richardson knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity based on evidence which proves that: (1) she was aware of a high probability of this fact, and (2) she consciously and deliberately tried to avoid learning about this fact.

You may not find that Asya Richardson knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity if you find that the defendant actually believed that this fact did not exist. Also, you may not find that Asya Richardson knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity only if she should have known of the fact, or that a reasonable person would have known of a high probability of the fact. It is not enough that Asya Richardson may have been stupid or foolish, or may have acted out of inadvertence or accident. You must find that Asya Richardson was actually aware of a high probability that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, as alleged in the indictment, and that Asya Richardson deliberately avoided learning about it, and did not actually believe that the property was not proceeds of some form of unlawful activity

---

3rd Circuit Model Criminal Jury Instructions, No. 5.06 (2006).

## GOVERNMENT'S REQUEST NO. 97

**Counts 77 [& 80 - at bifurcated hearing] - Conspiracy to Commit Money Laundering - Nature of the Offense and Statute Involved**

Count 77 of the indictment charges that Alton Coles knowingly conspired and agreed with Kristina Latney to commit money laundering under Title 18, United States Code, Section 1956, in violation of Title 18, United States Code, Section 1956(h).

[*At bifurcated hearing:* Count 80 of the indictment charges that Alton Coles and Asya M. Richardson did knowingly combine, conspire, confederate and agree together to commit money laundering under Title 18, United States Code, Section 1956, in violation of Title 18, United States Code, Section 1956(h).]

Title 18, United States Code, Section 1956(h), makes it a federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would be a violation of Title 18, United States Code, Section 1956.  I have just explained the elements of a violation of Section 1956.

_____

Pattern Criminal Jury Instructions. 11th Circuit. Instruction No. 70.5 (2003)(first paragraph only).

116

## GOVERNMENT'S REQUEST NO. 98

**Counts 77 [& 80 - at bifurcated hearing] - Conspiracy to Commit Money Laundering - Essential Elements**

As I explained to you earlier, under the law, a "conspiracy" is an agreement or a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is *not* necessary for the Government to prove that all of the people named in the indictment were members of the scheme; *or* that those who *were* members had entered into any formal type of agreement. Also, because the essence of a conspiracy offense is the making of the agreement itself, it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case *must* show beyond a reasonable doubt is:

1) That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan to violate 18 U.S.C. Section 1956(a)(1)(B)(i), as charged in the indictment; and

2 ) That the defendant, knowing the unlawful purpose of the plan, willfully joined in it.

The government is not required to prove that an overt act was committed in furtherance of the conspiracy to commit money laundering.[1]  The government need not prove the overt acts charged in Count 77 [and Count 80, at a bifurcated hearing], but they may, if proven, be considered by you as evidence.

---

[1]     <u>Whitfield v. United States</u>, 543 U.S. 209, 125 S.Ct. 687, 690-691 (2005).

I have previously instructed you on the law of conspiracy and those instructions apply here.

---

Pattern Criminal Jury Instructions. 11th Circuit. Instruction No. 70.5 (2003)(paragraphs 2-5).

**GOVERNMENT'S REQUEST NO. 99**

**Counts 77 [& 80 at bifurcated hearing]- Conspiracy to Commit Money Laundering - Purpose**

Each money laundering conspiracy count has as its object the commission of money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).  I have explained the essential elements of that offense to you.

As I have instructed you, you must determine whether two or more persons conspired, or agreed, to cooperate with each other to commit a money laundering crime, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

You may not find a defendant guilty unless you agree, unanimously, that a criminal agreement existed to commit the particular object offense.

## GOVERNMENT'S REQUEST NO. 100

### Counts 87-88 - Wire Fraud – Elements of the Offense

Counts 87 and 88 of the indictment charge defendants Alton Coles and Asya M. Richardson with wire fraud, which is a violation of federal law.

In order to find the defendants guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

*First*: That they devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises;

*Second*: That they acted with the intent to defraud; and

*Third*: That in advancing, furthering, or carrying out the scheme, they transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

If you find that a defendant has committed the essential elements of wire fraud, above, you must also determine whether the wire fraud scheme affected a "financial institution" beyond a reasonable doubt.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.18.1343 (2007).

## GOVERNMENT'S REQUEST NO. 101

**Counts 87-88 - Wire Fraud - "Scheme to Defraud or to Obtain Money or Property" Defined**

The first element that the government must prove beyond a reasonable doubt is that the defendants knowingly devised a scheme to defraud Chase Bank USA, NA of money or property by materially false or fraudulent pretenses, representations or promises.

A "scheme" is merely a plan for accomplishing an object.

"Fraud" is a general term which embraces all the various means by which one person can gain an advantage over another by false representations, suppression of the truth, or deliberate disregard for the truth.

Thus, a "scheme to defraud" is any plan, device, or course of action to deprive another of money or property by means of false or fraudulent pretenses, representations or promises reasonably calculated to deceive persons of average prudence.

In this case, the indictment alleges that the scheme to defraud was carried out by making false and fraudulent claims and documents. The representations which the government charges were made as part of the scheme to defraud are set forth in the indictment. The government is not required to prove every misrepresentation charged in the indictment. It is sufficient if the government proves beyond a reasonable doubt that one or more of the alleged material misrepresentations were made in furtherance of the alleged scheme to defraud. However, you cannot convict the defendant unless all of you agree as to at least one of the material misrepresentations.

A statement, representation, claim or document is false if it is untrue when made and if the person making the statement, representation, claim or document  or causing it to be made knew it was untrue at the time it was made.

A representation or statement is fraudulent if it was falsely made with the intention to deceive.

In addition, deceitful statements of half truths or the concealment of material facts or the expression of an opinion not honestly entertained may constitute false or fraudulent statements. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance.

The deception need not be premised upon spoken or written words alone. If there is deception, the manner in which it is accomplished is immaterial.

The false or fraudulent representation or failure to disclose must relate to a material fact or matter. A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision with respect to the granting of a loan.

This means that if you find that a particular statement of fact was false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half truths or omissions of material facts.

In order to establish a scheme to defraud, the government must also prove that the alleged scheme contemplated depriving another of money or property.

However, the government is not required to prove that the defendants themselves originated the scheme to defraud. Furthermore, it is not necessary that the government prove that they actually realized any gain from the scheme or that the intended victim actually suffered any loss. In this case, it so happens that the government does contend that the proof establishes that persons were defrauded and that the defendants profited. Although whether or not the scheme

actually succeeded is really not the question, you may consider whether it succeeded in determining whether the scheme existed.

If you find that the government has proved beyond a reasonable doubt that the scheme to defraud charged in the indictment did exist and that the defendant knowingly devised or participated in the scheme charged in the indictment, you should then consider the second element.

———————————————

3rd Circuit Model Criminal Jury Instructions, No. 6.18.1341-1 (2007).

<u>**GOVERNMENT'S REQUEST NO. 102**</u>

<u>**Counts 87-88 - Wire Fraud – "Intent to Defraud" Defined**</u>

The second element that the government must prove beyond a reasonable doubt is that the defendants acted with the specific intent to defraud.

To act with an "intent to defraud" means to act knowingly and with the intention or the purpose to deceive or to cheat.

In considering whether the defendants acted with an intent to defraud, you may consider, among other things, whether they acted with a desire or purpose to bring about some gain or benefit to themselves or someone else or with a desire or purpose to cause some loss to someone.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.18.1341-4 (2007).

<u>**GOVERNMENT'S REQUEST NO. 103**</u>

<u>**Counts 87-88 - Wire Fraud – "Transmits by means of wire, radio, or television communication in interstate commerce"– Defined**</u>

The third element that the government must prove beyond a reasonable doubt is that in advancing, furthering, or carrying out the scheme, Alton Coles and Asya M. Richardson transmitted a writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of a writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

The phrase "transmits by means of wire, radio, or television communication in interstate commerce" means to send from one state to another by means of telephone or telegraph lines or by means of radio or television.  The phrase includes a telephone conversation by a person in one state with a person in another state, or electronic signals sent from one state to another, such as by fax or financial wire.

The government is not required to prove that the defendants actually used a wire communication in interstate commerce or that they even intended that anything be transmitted in interstate commerce by means of a wire, radio, or television communication to further, or to advance, or to carry out the scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises.

However, the government must prove beyond a reasonable doubt that a transmission by a wire, radio, or television communication facility in interstate commerce was, in fact, used in some manner to further, or to advance, or to carry out the scheme to defraud.  The government must also prove either that the defendants used wire, radio, or television communication in interstate commerce, or that they knew the use of the wire, radio, or television communication in interstate commerce would follow in the ordinary course of business or events,

or that they should reasonably have anticipated that wire, radio, or television communication in interstate commerce would be used.

It is not necessary that the information transmitted by means of wire, radio, or television communication in interstate commerce itself was false or fraudulent or contained any false or fraudulent pretense, representation, or promise, or contained any request for money or thing of value.

However, the government must prove beyond a reasonable doubt that the use of the wire, radio, or television communication in interstate commerce furthered, or advanced, or carried out, in some way, the scheme.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.18.1343-1 (2007).

## GOVERNMENT'S REQUEST NO. 104

**Counts 87 & 88 - Affecting a Financial Institution**

   The parties have stipulated that Chase Bank, NA, the entity identified as the victim of the fraud alleged in Counts 87 & 88, was a "financial institution" within the meaning of 18 U.S.C. § 1343.  You should accept this stipulation and regard this fact as proved.

## GOVERNMENT'S REQUEST NO. 105

**Counts 87-88 - Wire Fraud – Each Transmission by Wire Communication a Separate Offense**

Each transmission by wire communication in interstate commerce to advance, or to further, or to carry out the scheme or plan may be a separate violation of the wire fraud statute.

_____

3rd Circuit Model Criminal Jury Instructions, No. 6.18.1343-2 (2007).

## GOVERNMENT'S REQUEST NO. 106

### Counts 81-86 - Structuring - Indictment and the Statute

Counts 81-86 charge Alton Coles with violating section 5324 of Title 31 of the United States Code by structuring currency transactions with one or more financial institutions for the purpose of evading the reporting requirements of section 5313(a) of Title 31, which applies to certain currency transactions as I will define them.

Section 5324(a) provides that:

> No person shall for the purpose of evading the reporting requirements of section 5313(a) ... or any regulation prescribed under [that section]--
> > (3) structure or assist in structuring, or attempt to structure or assist in structuring, any transaction with one or more domestic financial institutions.

Section 5324(d) provides that whoever violates this section shall be guilty of a crime.

---

3 L. Sand, et al, <u>Modern Federal Jury Instructions</u>, Instruction No. 50B-19 (2007).

## GOVERNMENT'S REQUEST NO. 107

### Counts 81-86 - Structuring - Elements of the Offense

In order to prove the crime of structuring a currency transaction, the government must prove beyond a reasonable doubt each of the follow elements:

First, that the defendant knew that a financial institution was legally obligated to report currency transactions in excess of $10,000.

Second, that the defendant engaged in the structuring of a currency transaction.

Third, that the defendant acted with the intent to evade the reporting requirement.

---

3 L. Sand, et al, <u>Modern Federal Jury Instructions</u>, Instruction No. 50B-20 (2006)(modified as noted).

## GOVERNMENT'S REQUEST NO. 108

### Counts 81-86 - Structuring - First Element - Knowledge of Reporting Requirement

The first element that the government must prove beyond a reasonable doubt is that at the time the transactions described in the indictment occurred, the defendant knew that a financial institution was legally obligated to report currency transactions in excess of $10,000.

A financial institution is defined in 31 U.S.C. § 5312(a)(2)(A) as "an insured bank. . . of the Federal Deposit Insurance Act."

Under section 5313, a financial institution is required to file a report with the federal government any time that it is involved in a transaction involving $10,000 or more in United States currency. This is known as a currency transaction report, or CTR.

In order to satisfy this element the government must prove that the defendant knew that the financial institution involved would be required to file a CTR for any currency transaction involving $10,000 or more.

The question of whether a person acted with knowledge is a question of fact for you to determine, like any other fact question. Direct proof of knowledge is not always available, and such proof is not required. The ultimate fact of whether someone knew something at a particular time, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

---

3 L. Sand, et al, <u>Modern Federal Jury Instructions</u>, Instruction No. 50B-21 (2007).

### GOVERNMENT'S REQUEST NO. 109

**Counts 81-86 - Structuring - Second Element - Structuring Transactions**

The second element the government must prove beyond a reasonable doubt is that the defendant engaged in the structuring of a currency transaction.

A currency transaction is any financial transaction which includes the physical transfer of currency. For example, taking a check to the bank and cashing it is a currency transaction, but depositing the check in a bank account is not. Similarly, purchasing something and paying for it in cash is a currency transaction, but paying for it by check or credit card is not. As I instructed you before, engaging in a currency transaction in an amount greater than $10,000 requires the financial institution to file a currency transaction report.

Structuring of a transaction occurs when a person, acting alone or with others, conducts or attempts to conduct one or more currency transactions, in any amount, at one or more financial institutions, on one or more days, for the purpose of evading the reporting requirement I have described. Structuring includes, but is not limited to, breaking down a sum of currency exceeding $10,000 into smaller amounts each less than $10,000 and then conducting a series of separate currency transactions in those smaller amounts in order to avoid the reporting requirement. The transactions need not exceed $10,000 at any single financial institution or on any single day in order to constitute structuring.

_____

3 L. Sand, et al, <u>Modern Federal Jury Instructions,</u> Instruction No. 50B-22 (2007).

## GOVERNMENT'S REQUEST NO. 110

**Counts 81-86 - Structuring - Third Element - Intent to Evade Reporting Requirement**

The third element the government must prove beyond a reasonable doubt is that the defendant engaged in structuring with the intent to evade the reporting requirement.

A person acts intentionally when he acts deliberately and purposefully. The defendant's acts must have been the product of defendant's conscious objective rather than the product of a mistake or accident.

Direct proof of a defendant's intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time he committed an act with a particular intent. Such direct proof is not required. The ultimate fact of intent, though subjective, may be established by circumstantial evidence, based upon the defendant's outward manifestation, his words, his conduct, his acts and all of the surrounding circumstances disclosed by the evidence, and the rational or logical inferences that may be drawn from them.

_____

3 L. Sand, et al, <u>Modern Federal Jury Instructions</u>, Instruction No. 50B-23 (2007).

## GOVERNMENT'S REQUEST NO. 111

**Counts 189-191 - False Statement Under Oath - Indictment and Statute**

      Counts 189, 190 and 191 of the indictment each charge defendant Thais Y. Thompson with making a false declaration under oath before a federal grand jury in that the defendant made statements she knew were not true. Those statements are detailed in the indictment.

      Section 1623(a) of Title 18 of the United States Code provides, in part, that:

> Whoever under oath …in any proceeding before … any … court or grand jury of the United States knowingly makes any false material declaration …

shall be guilty of an offense against the United States.

_____

2A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §§ 50.06 and 50.07 (5th ed. 2000).

## GOVERNMENT'S REQUEST NO. 112

**Counts 189-191 - False Statement Under Oath - Essential Elements**

In order to sustain its burden of proof for the crime of making a false declaration before a federal grand jury as charged in Counts 189-191 of the indictment, the government must prove the following five (5) essential elements beyond a reasonable doubt:

*One*: Defendant gave testimony under oath before a federal grand jury;

*Two*: Defendant testified as detailed in the indictment;

*Three*: This testimony was false;

*Four*: Defendant knew that the testimony was false when she gave the testimony; and

*Five*: The false statement was material.

_____

2A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §§ 50.08 (5th ed. 2000).

## GOVERNMENT'S REQUEST NO. 113

**Counts 189-191 - False Statement Under Oath - Unanimous agreement to false statement - Explained**

Counts 189 and 191 allege that Thais Y. Thompson knowingly made several false statements under oath.

In order for you to convict, the government is not required to prove, and you need not find, that all of the statements alleged to be false in Counts 189 and 191 of the indictment are false. The government, however, must prove beyond a reasonable doubt to each of you that at least one specific statement alleged in Counts 189 and 191 of the indictment was false.

It is not sufficient that some members of the jury agree that one statement is false while others of the jury agree that another statement is false. There must be at least one specific statement that each of you agree beyond a reasonable doubt is false and that each of you agree beyond a reasonable doubt the defendant knew to be false.

_____

2A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §§ 50.11 (5th ed. 2000).

## GOVERNMENT'S REQUEST NO. 114

### Counts 189-191 - False Statement Under Oath - The "Literal truth" Defense

It is a defense to a charge of making false material statements to a federal grand jury, as charged in Counts 189-191 of the indictment, if the evidence shows either of the following:

*One*: defendant made a statement in response to a question that was ambiguous or capable of being understood in more than one way, and the answer given by the defendant to one reasonable interpretation of the ambiguous question was not false; or

*Two*: defendant made a statement in response to a question that was clear and unambiguous, but the answer to the clear question was ambiguous and capable of being understood in more than one way, and one reasonable interpretation of the answer given by the defendant was not false.

As long as a statement or an answer to a question, or a reasonable interpretation of both statements and answers, are literally or technically true, the crime of making a false statement to a federal grand jury alleged in Counts 189-191 of the indictment has not been committed.

In considering the testimony alleged to be false you should view the context and sequence of the question and answer. The words used in both should be given their normal and customary meaning unless the context in which the words were used clearly shows that both the person asking the question and the witness giving the answer mutually understood that some other meaning was to be given to a word or words.

137

If you find that a statement or an answer was literally or technically true, then any intent on the part of the defendant to be ambiguous, to confuse, to evade, or even to mislead is irrelevant and you must acquit the defendant.

_____

2A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §§ 50.12 (5th ed. 2000).

## GOVERNMENT'S REQUEST NO. 115

**Count 192 - Accessory After the Fact**

Count 192 of the indictment charges that on or about June 7, 2005 Thais Y. Thompson acted as an accessory after the fact to the crime of conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base ("crack") committed by James Morris.

It is a federal crime for a person to act as an accessory after the fact. An accessory after the fact is a person who, knowing that an offense against the United States has been committed by another person, receives, relieves, comforts, or assists that person in order to hinder or prevent that person's arrest, trial, or punishment.

In order for you to find Thais Y. Thompson guilty of being an accessory after the fact, you must find that the government proved beyond a reasonable doubt each of the following three (3) requirements:

*First*, James Morris committed each of the elements of conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base ("crack"), which elements I have explained to you;

*Second*, Thais Y. Thompson knew that James Morris committed that crime; and

*Third*, with that knowledge, Thais Y. Thompson in some way assisted James Morris in order to hinder or to prevent Morris's arrest, trial, or punishment for the crime of conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base ("crack").

---

3rd Circuit Model Criminal Jury Instructions, No. 7.08 (2007).

## GOVERNMENT'S REQUEST NO. 116

### Willful Blindness

In this case, there is a question whether defendant Thais Thompson knew of the conspiracy alleged to have been committed James Morris. When, as in this case, knowledge of a particular fact or circumstance is an essential part of the offense charged, the government may prove that a defendant knew of that fact or circumstance if the evidence proves beyond a reasonable doubt that the defendant deliberately closed her eyes to what would otherwise have been obvious to her.

No one can avoid responsibility for a crime by deliberately ignoring what is obvious. Thus, you may find that Thais Thompson knew that James Morris committed the crime of conspiracy based on evidence which proves that: (1) she was aware of a high probability of this fact, and (2) she consciously and deliberately tried to avoid learning about this fact.

You may not find that Thais Thompson knew that James Morris committed the crime of conspiracy if you find that the defendant actually believed that this fact did not exist. Also, you may not find that Thais Thompson knew of James Morris' conspiracy if you find only that Thais Thompson should have known of the fact or that a reasonable person would have known of a high probability of the fact. It is not enough that Thais Thompson may have been stupid or foolish, or may have acted out of inadvertence or accident. You must find that Thais Thompson was actually aware of a high probability that James Morris committed the crime of conspiracy alleged in the indictment, and that Thais Thompson deliberately avoided learning about it, and did not actually believe that it did not exist.

———————————

3rd Circuit Model Criminal Jury Instructions, No. 5.06 (2006).

<u>**GOVERNMENT'S REQUEST NO. 117**</u>

<u>**Election of Foreperson; Unanimous Verdict; Do Not Consider Punishment; Duty to Deliberate; Communication with Court**</u>

That concludes my instructions explaining the law regarding the testimony and other evidence, and the offense charged.  Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

*First*, the first thing that you should do in the jury room is choose someone to be your foreperson. This person will speak for the jury here in court.  He or she will also preside over your discussions.  However, the views and vote of the foreperson are entitled to no greater weight than those of any other juror.

*Second*, I want to remind you that your verdict, whether it is guilty or not guilty, must be unanimous.  To find defendant guilty of an offense, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves each element of that offense beyond a reasonable doubt.  To find defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

*Third*, if you decide that the government has proved defendant guilty, then it will be my responsibility to decide what the appropriate punishment should be.  You should never consider the possible punishment in reaching your verdict.

*Fourth*,  as I have said before, your verdict must be based only on the evidence received in this case and the law I have given to you. You should not take anything I may have said or done during trial as indicating what I think of the evidence or what I think your verdict should be. What the verdict should be is the exclusive responsibility of the jury.

*Fifth*, now that all the evidence is in, the arguments are completed, and once I have finished these instructions, you are free to talk about the case in the jury room.  In fact, it is

your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.  But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that-- your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience. Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  You should all feel free to speak your minds.

*[Remember, if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.]*

*Sixth*, once you start deliberating, do not talk about the case to the court officials, or to me, or to anyone else except each other.  If you have any questions or messages, your foreperson should write them down on a piece of paper, sign them, and then give them to the court official who will give them to me.  I will first talk to the lawyers about what you have asked, and I will respond as soon as I can.  In the meantime, if possible, continue with your deliberations on some other subject.

*[If you want to see any of the exhibits that were admitted in evidence, you may send me a message and, if I can legally do so, I will have those exhibits provided to you.]*

One more thing about messages. Do not ever write down or tell anyone how you or any one else voted.  That should stay secret until you have finished your deliberations.  If you have occasion to communicate with the court while you are deliberating, do not disclose the number of jurors who have voted to convict or acquit on the offense.

_____

3rd Circuit Model Criminal Jury Instructions, No. 3.16 (2006).

## GOVERNMENT'S REQUEST NO. 118

**Verdict Form**

A verdict form has been prepared that you should use to record your verdicts**.**

Take this form with you to the jury room.  When you have reached your unanimous verdicts, the foreperson should write the verdicts on the form, date and sign it, return it to the courtroom and give the form to my courtroom deputy to give to me.  If you decide that the government has proved a defendant guilty of the offense charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the government has not proved a defendant guilty of the offense charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.

_____

3rd Circuit Model Criminal Jury Instructions, No. 3.17 (2006).

## CERTIFICATE OF SERVICE

I certify that the foregoing was served by regular mail, fax, email or hand delivery on the following counsel on the date indicated below:

Christopher D. Warren
1500 Walnut Avenue
Suite 1500
Philadelphia, PA 19102
Ph: (215) 546-3750
Fax: (215) 546-8779
email: Christopherduffwarren@hotmail.com
     Counsel for Alton Coles (1)

Jack McMahon
1500 Walnut Street
Suite 900
Philadelphia, PA 19102
Fax: (215) 985-4416
Phone: (215) 985-4443
Email: mcmahonlaw.@hotmail.com
     Counsel for Timothy Baukman (8)

Laurence Harmelin
300 N. Pottstown Pike
Suite 210
Exton, PA 19341
Tel: (610) 696 2226
Fax: (610) 696-2226
     Counsel for Monique Pullins (12)

Ronald B. Thompson, Esq.
3002 Lincoln Drive, Suite J
Marlton, NJ 08053
Phone: (856) 797-5785
Fax: (856) 797-5786
Fax: (856) 597-4200
Email: ronaldbthompson@lawyer.com
     Co-Counsel for James Morris (13)

Wayne Powell, Esq.
811 Church Road
101 Tarragon Building
Cherry Hill, NJ 08002
Phone: (856) 488-0004
Fax: (856) 486-7244
     Co-Counsel for James Morris (13)

Ronald A. Smith
1617 JFK Blvd.
Suite 1240
Philadelphia, PA 19103
Tel: (215) 567-1200
Email: ronaldasmithesq@aol.com
     Counsel for Asya Richardson (18)

Paul J. Hetznecker, Esq.
Hetznecker & Meehan
1420 Walnut Street, Suite 911
Philadelphia, PA 19102
Phone: 215-893-9640
Fax: 215-893-0255
     Counsel for Thais Y. Thompson (22)

     s/Richard A. Lloret
RICHARD A. LLORET
Assistant United States Attorney
February 11, 2008

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 05-440-01, 08, 12, 13, 18, 22** |
| **ALTON COLES** | : | |
| **TIMOTHY BAUKMAN** | | |
| **MONIQUE PULLINS** | : | |
| **JAMES MORRIS** | | |
| **ASYA M. RICHARDSON** | : | |
| **THAIS Y. THOMPSON** | | |

## <u>GOVERNMENT'S PROPOSED VERDICT FORM</u>

The United States of America, by its undersigned attorneys, Patrick L. Meehan,

United States Attorney for the Eastern District of Pennsylvania, Richard A. Lloret and Michael J.

Bresnick, Assistant United States Attorneys, respectfully request that the Court submit the

following Verdict Form to the Jury at the end of the trial.

Respectfully submitted,
PATRICK L. MEEHAN
United States Attorney

_____
RICHARD A. LLORET
Assistant United States Attorney

Dated: February 10, 2008

1

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :

       v.             : CRIMINAL NO. 05-440-01, 08, 12, 13, 18, 22

ALTON COLES           :
TIMOTHY BAUKMAN
MONIQUE PULLINS      :
JAMES MORRIS
ASYA M. RICHARDSON   :
THAIS Y. THOMPSON

## <u>VERDICT FORM AND INTERROGATORIES</u>

### <u>COUNT ONE (Conspiracy)</u>

On Count One of the indictment, charging conspiracy to distribute controlled substances, we, the jury, unanimously find the defendant,

ALTON COLES

       _____ GUILTY
       _____ NOT GUILTY

TIMOTHY BAUKMAN

       _____ GUILTY
       _____ NOT GUILTY

JAMES MORRIS

       _____ GUILTY
       _____ NOT GUILTY

MONIQUE PULLINS

       _____ GUILTY
       _____ NOT GUILTY

      **Proceed to Special Interrogatory No. 1 only if you find one or more defendants guilty as to Count One.  Otherwise, proceed to Count Two.**

2

**SPECIAL INTERROGATORY: COUNT ONE**

We the jury find that the defendants, Alton Coles, Timothy Baukman, James Morris and Monique Pullins agreed to distribute *(check one from part (a) and one from part (b))*

A.    (i)    _____ a detectible amount of cocaine

   (ii)    _____ 500 grams or more of a mixture and substance containing cocaine

   (iii)    _____ 5 kilograms or more of a mixture and substance containing cocaine

B.    (i)    _____ a detectible amount of cocaine base ("crack")

   (ii)    _____ 5 grams or more of a mixture and substance containing cocaine base ("crack")

   (iii)    _____ 50 grams or more of a mixture and substance containing cocaine base ("crack")

## <u>COUNT TWO (Continuing Criminal Enterprise)</u>

On Count Two of the indictment, charging continuing criminal enterprise, we, the jury, unanimously find the defendant,


ALTON COLES
_____ GUILTY
_____ NOT GUILTY


TIMOTHY BAUKMAN
_____ GUILTY
_____ NOT GUILTY

4

## COUNT 38 (Using a Telephone to Facilitate Drug Trafficking)

On Count 38 of the indictment, charging the use of a telephone to facilitate drug trafficking on or about May 19, 2005, we, the jury, unanimously find the defendant,

ALTON COLES

_____ GUILTY
_____ NOT GUILTY

5

## COUNT 40 (Distribution of Cocaine)

On Count 40 of the indictment, charging distribution of cocaine on or about June 28, 2005, we, the jury, unanimously find the defendant,

ALTON COLES

_____ GUILTY

_____ NOT GUILTY

## COUNT 41 (Using a Telephone to Facilitate Drug Trafficking)

On Count 41of the indictment, charging the use of a telephone to facilitate drug trafficking on or about June 28, 2005, (with Gary Creek) we, the jury, unanimously find the defendant,


ALTON COLES

_____ GUILTY

_____ NOT GUILTY

7

## COUNT 42 (Using a Telephone to Facilitate Drug Trafficking)

On Count 42 of the indictment, charging the use of a telephone to facilitate drug trafficking on or about June 28, 2005, (with Dante Tucker) we, the jury, unanimously find the defendant,

ALTON COLES

_____ GUILTY

_____ NOT GUILTY

## COUNT 43 (Using a Telephone to Facilitate Drug Trafficking)

On Count 38 of the indictment, charging the use of a telephone to facilitate drug trafficking on or about June 28, 2005, (with unidentified female) we, the jury, unanimously find the defendant,

ALTON COLES

_____ GUILTY

_____ NOT GUILTY

## COUNT 44 (Using a Telephone to Facilitate Drug Trafficking)

On Count 44 of the indictment, charging the use of a telephone to facilitate drug trafficking on or about June 28, 2005 (with Jamar Campbell) we, the jury, unanimously find the defendant,

ALTON COLES

_____ GUILTY

_____ NOT GUILTY

## COUNT 45 (Using a Telephone to Facilitate Drug Trafficking)

On Count 45 of the indictment, charging the use of a telephone to facilitate drug trafficking on or about July 2, 2005 (with Dante Tucker) we, the jury, unanimously find the defendant,

ALTON COLES

_____ GUILTY
_____ NOT GUILTY

## COUNT 46 (Using a Telephone to Facilitate Drug Trafficking)

On Count 46 of the indictment, charging the use of a telephone to facilitate drug trafficking on or about July 2, 2005 we, the jury, unanimously find the defendant,

ALTON COLES

_____ GUILTY
_____ NOT GUILTY

MONIQUE PULLINS

_____ GUILTY
_____ NOT GUILTY

12

## COUNT 47 (Using a Telephone to Facilitate Drug Trafficking)

On Count 47 of the indictment, charging the use of a telephone to facilitate drug trafficking on or about July 2, 2005 we, the jury, unanimously find the defendant,

ALTON COLES

_____ GUILTY
_____ NOT GUILTY

MONIQUE PULLINS

_____ GUILTY
_____ NOT GUILTY

13

## COUNT 48 (Using a Telephone to Facilitate Drug Trafficking)

On Count 48 of the indictment, charging the use of a telephone to facilitate drug trafficking on or about July 2, 2005 we, the jury, unanimously find the defendant,

ALTON COLES

_____ GUILTY
_____ NOT GUILTY

MONIQUE PULLINS

_____ GUILTY
_____ NOT GUILTY

14

## COUNT 49 (Maintaining a Drug Storage Facility)

On Count 49 of the indictment, charging the maintaining of a drug storage facility at 1416 Clearview Street, Apartment F520, we, the jury, unanimously find the defendant,

ALTON COLES

_____ GUILTY

_____ NOT GUILTY

MONIQUE PULLINS

_____ GUILTY

_____ NOT GUILTY

## COUNT 50 (Using a Telephone to Facilitate Drug Trafficking)

On Count 50 of the indictment, charging the use of a telephone to facilitate drug trafficking on or about July 24, 2005 (with Hakiem Johnson), we, the jury, unanimously find the defendant,

ALTON COLES

_____ GUILTY

_____ NOT GUILTY

16

## COUNT 51 (Using a Telephone to Facilitate Drug Trafficking)

On Count 51 of the indictment, charging the use of a telephone to facilitate drug trafficking on or about July 29, 2005 (with Hakiem Johnson), we, the jury, unanimously find the defendant,

ALTON COLES

_____ GUILTY

_____ NOT GUILTY

## COUNT 52 (Using a Telephone to Facilitate Drug Trafficking)

On Count 52 of the indictment, charging the use of a telephone to facilitate drug trafficking on or about July 6, 2005 we, the jury, unanimously find the defendant,

ALTON COLES

_____ GUILTY
_____ NOT GUILTY

JAMES MORRIS

_____ GUILTY
_____ NOT GUILTY

18

## COUNT 53 (Using a Telephone to Facilitate Drug Trafficking)

On Count 53 of the indictment, charging the use of a telephone to facilitate drug trafficking on or about July 15, 2005 we, the jury, unanimously find the defendant,

ALTON COLES

_____ GUILTY
_____ NOT GUILTY

JAMES MORRIS

_____ GUILTY
_____ NOT GUILTY

19

## COUNT 54 (Using a Telephone to Facilitate Drug Trafficking)

On Count 54 of the indictment, charging the use of a telephone to facilitate drug trafficking on or about July 27, 2005 we, the jury, unanimously find the defendant,


ALTON COLES

_____ GUILTY

_____ NOT GUILTY


JAMES MORRIS

_____ GUILTY

_____ NOT GUILTY

20

## COUNT 55 (Using a Telephone to Facilitate Drug Trafficking)

On Count 55 of the indictment, charging the use of a telephone to facilitate drug trafficking on or about July 28, 2005 we, the jury, unanimously find the defendant,

ALTON COLES

_____ GUILTY
_____ NOT GUILTY

JAMES MORRIS

_____ GUILTY
_____ NOT GUILTY

21

## **COUNT 56 (Using a Telephone to Facilitate Drug Trafficking)**

On Count 56 of the indictment, charging the use of a telephone to facilitate drug trafficking on or about July 31, 2005 we, the jury, unanimously find the defendant,


ALTON COLES

_____ GUILTY
_____ NOT GUILTY


JAMES MORRIS

_____ GUILTY
_____ NOT GUILTY

22

## COUNT 59 (Possession of a Firearm After Having Been Convicted)

On Count 59 of the indictment, charging possession of a firearm in interstate commerce after having been convicted of a crime punishable by more than one year's imprisonment, on or about March 27, 2005 we, the jury, unanimously find the defendant,

ALTON COLES

_____ GUILTY

_____ NOT GUILTY

## COUNT 60 (Possession of a Firearm After Having Been Convicted)

On Count 60 of the indictment, charging possession of a firearm in interstate commerce after having been convicted of a crime punishable by more than one year's imprisonment, on or about October 24, 2005 we, the jury, unanimously find the defendant,

ALTON COLES

_____ GUILTY

_____ NOT GUILTY

24

## COUNT 61 (Maintaining a Drug Storage Facility)

On Count 61 of the indictment, charging the maintaining of a drug storage facility at 339 East Essex Avenue, Lansdowne, PA, we, the jury, unanimously find the defendant,

ALTON COLES

_____ GUILTY
_____ NOT GUILTY

TIMOTHY BAUKMAN

_____ GUILTY
_____ NOT GUILTY

## COUNT 62 (Possession with Intent to Distribute Cocaine)

On Count 62 of the indictment, charging possession with intent to distribute cocaine on or about August 10, 2005, we, the jury, unanimously find the defendant,


ALTON COLES

_____ GUILTY

_____ NOT GUILTY


TIMOTHY BAUKMAN

_____ GUILTY

_____ NOT GUILTY

26

## COUNT 63 (Possession of a Firearm in Furtherance of Drug Trafficking)

On Count 63 of the indictment, charging possession of a firearm in furtherance of a drug trafficking crime, we, the jury, unanimously find the defendant,

TIMOTHY BAUKMAN

_____ GUILTY
_____ NOT GUILTY

## COUNT 67 (Possession of a Firearm in Furtherance of Drug Trafficking)

On Count 67 of the indictment, charging possession of a firearm in furtherance of a drug trafficking crime, we, the jury, unanimously find the defendant,

JAMES MORRIS

_____ GUILTY
_____ NOT GUILTY

THAIS THOMPSON

_____ GUILTY
_____ NOT GUILTY

## COUNT 68 (Possession of a Firearm in Furtherance of Drug Trafficking)

On Count 68 of the indictment, charging possession of a firearm in furtherance of a drug trafficking crime, we, the jury, unanimously find the defendant,


ALTON COLES

_____ GUILTY

_____ NOT GUILTY


TIMOTHY BAUKMAN

_____ GUILTY

_____ NOT GUILTY

## COUNT 69 (Possession of a Firearm After Having Been Convicted)

On Count 69 of the indictment, charging possession of a firearm in interstate commerce after having been convicted of a crime punishable by more than one year's imprisonment, on or about August 10, 2005, we, the jury, unanimously find the defendant,

ALTON COLES

_____ GUILTY
_____ NOT GUILTY

30

## COUNT 70 (Possession of a Firearm in Furtherance of Drug Trafficking)

On Count 70 of the indictment, charging possession of a firearm in furtherance of a drug trafficking crime, on or about August 10, 2005, we, the jury, unanimously find the defendant,

ALTON COLES

_____ GUILTY
_____ NOT GUILTY

MONIQUE PULLINS

_____ GUILTY
_____ NOT GUILTY

31

## COUNT 71 (Possession of a Firearm After Having Been Convicted)

On Count 71 of the indictment, charging possession of a firearm in interstate commerce after having been convicted of a crime punishable by more than one year's imprisonment, on or about August 10, 2005, we, the jury, unanimously find the defendant,

ALTON COLES

_____ GUILTY
_____ NOT GUILTY

## COUNT 72 (Possession of a Firearm in Furtherance of Drug Trafficking)

On Count 72 of the indictment, charging possession of a firearm in furtherance of a drug trafficking crime, on or about August 10, 2005, we, the jury, unanimously find the defendant,

ALTON COLES

_____ GUILTY
_____ NOT GUILTY

## COUNT 77 (Money Laundering Conspiracy)

On Count 77 of the indictment, charging a money laundering conspiracy from on or about July 3, 2001 to on or about August 10, 2005, we, the jury, unanimously find the defendant,

ALTON COLES

_____ GUILTY

_____ NOT GUILTY

## **COUNT 78 (Money Laundering)**

On Count 78 of the indictment, charging money laundering on or about October 7, 2004, we, the jury, unanimously find the defendant,

ALTON COLES

_____ GUILTY

_____ NOT GUILTY

## COUNT 79 (Money Laundering)

On Count 79 of the indictment, charging money laundering, on or about July 29, 2005, we, the jury, unanimously find the defendant,

ALTON COLES

_____ GUILTY

_____ NOT GUILTY

[*At bifurcated hearing: ASYA RICHARDSON*]

_____ GUILTY

_____ NOT GUILTY

36

**[*At bifurcated hearing:* COUNT 80 (Money Laundering Conspiracy)**

On Count 80 of the indictment, charging a money laundering conspiracy from on or about February 10, 2005 to on or about February 8, 2006, we, the jury, unanimously find the defendant,

ALTON COLES

_____ GUILTY

_____ NOT GUILTY

ASYA RICHARDSON

_____ GUILTY

_____ NOT GUILTY

## COUNTS 81 to 86 (Structuring)

On Count 81 to 86 of the indictment, charging structuring on or about July 28-29, 2005, we, the jury, unanimously find the defendant,

ALTON COLES

Count 81              _____ GUILTY
                      _____ NOT GUILTY

Count 82              _____ GUILTY
                      _____ NOT GUILTY

Count 83              _____ GUILTY
                      _____ NOT GUILTY

Count 84              _____ GUILTY
                      _____ NOT GUILTY

Count 85              _____ GUILTY
                      _____ NOT GUILTY

Count 86              _____ GUILTY
                      _____ NOT GUILTY

**COUNT 87 (Wire Fraud)**

On Count 87 of the indictment, charging a wire fraud scheme on or about July 11, 2005, we, the jury, unanimously find the defendant,

ALTON COLES

_____ GUILTY
_____ NOT GUILTY

ASYA RICHARDSON

_____ GUILTY
_____ NOT GUILTY

**If you find a defendant guilty of Count 87, please proceed to Special Interrogatory: Count 87.**

**If you have not found a defendant guilty of Count 87, please proceed to Count 88.**

**SPECIAL INTERROGATORY: COUNT 87**

We the jury find that the wire fraud scheme alleged in Count 87 (*check one*):

_____ Did affect a financial institution

_____ Did not affect a financial institution

## COUNT 88 (Wire Fraud)

On Count 88 of the indictment, charging a wire fraud scheme on or about July 13, 2005, we, the jury, unanimously find the defendant,

ALTON COLES

_____ GUILTY
_____ NOT GUILTY

ASYA RICHARDSON

_____ GUILTY
_____ NOT GUILTY

**If you find a defendant guilty of Count 88, please proceed to Special Interrogatory: Count 88.**

**If you have not found a defendant guilty of Count 88, please proceed to Count 89.**

41

## SPECIAL INTERROGATORY: COUNT 88

We the jury find that the wire fraud scheme alleged in Count 88 (*check one*):

_____ Did affect a financial institution

_____ Did not affect a financial institution

## COUNT 89-120 (Money Laundering)

On Count 89 to 120 of the indictment, charging money laundering concerning 339 East Essex Avenue rental payments, we, the jury, unanimously find the defendant,

TIMOTHY BAUKMAN

Count 89                          _____ GUILTY
                                 _____ NOT GUILTY

Count 90                          _____ GUILTY
                                 _____ NOT GUILTY

Count 91                          _____ GUILTY
                                 _____ NOT GUILTY

Count 92                          _____ GUILTY
                                 _____ NOT GUILTY

Count 93                          _____ GUILTY
                                 _____ NOT GUILTY

Count 94                          _____ GUILTY
                                 _____ NOT GUILTY

Count 95                          _____ GUILTY
                                 _____ NOT GUILTY

Count 96                          _____ GUILTY
                                 _____ NOT GUILTY

Count 97                          _____ GUILTY
                                 _____ NOT GUILTY

Count 98                          _____ GUILTY
                                 _____ NOT GUILTY

Count 99                          _____ GUILTY
                                 _____ NOT GUILTY

Count 100                         _____ GUILTY
                                 _____ NOT GUILTY

43

Count 101                    _____ GUILTY
                             _____ NOT GUILTY

Count 102                    _____ GUILTY
                             _____ NOT GUILTY

Count 103                    _____ GUILTY
                             _____ NOT GUILTY

Count 104                    _____ GUILTY
                             _____ NOT GUILTY

Count 105                    _____ GUILTY
                             _____ NOT GUILTY

Count 106                    _____ GUILTY
                             _____ NOT GUILTY

Count 107                    _____ GUILTY
                             _____ NOT GUILTY

Count 108                    _____ GUILTY
                             _____ NOT GUILTY

Count 109                    _____ GUILTY
                             _____ NOT GUILTY

Count 110                    _____ GUILTY
                             _____ NOT GUILTY

Count 111                    _____ GUILTY
                             _____ NOT GUILTY

Count 112                    _____ GUILTY
                             _____ NOT GUILTY

Count 113                    _____ GUILTY
                             _____ NOT GUILTY

Count 114                    _____ GUILTY
                             _____ NOT GUILTY

Count 115                    _____ GUILTY

_____ NOT GUILTY

Count 116              _____ GUILTY
                      _____ NOT GUILTY

Count 117              _____ GUILTY
                      _____ NOT GUILTY

Count 118              _____ GUILTY
                      _____ NOT GUILTY

Count 119              _____ GUILTY
                      _____ NOT GUILTY

Count 120              _____ GUILTY
                      _____ NOT GUILTY

45

## COUNT 121 to 146 (Money Laundering)

On Count 121 to 146 of the indictment, charging money laundering concerning 2967 Schoolhouse lane, Apartment C1101 rental payments, we, the jury, unanimously find the defendant,

TIMOTHY BAUKMAN

Count 121            _____ GUILTY
                                   _____ NOT GUILTY

Count 122            _____ GUILTY
                                   _____ NOT GUILTY

Count 123            _____ GUILTY
                                   _____ NOT GUILTY

Count 124            _____ GUILTY
                                   _____ NOT GUILTY

Count 125            _____ GUILTY
                                   _____ NOT GUILTY

Count 126            _____ GUILTY
                                   _____ NOT GUILTY

Count 127            _____ GUILTY
                                   _____ NOT GUILTY

Count 128            _____ GUILTY
                                   _____ NOT GUILTY

Count 129            _____ GUILTY
                                   _____ NOT GUILTY

Count 130            _____ GUILTY
                                   _____ NOT GUILTY

Count 131            _____ GUILTY
                                   _____ NOT GUILTY

Count 132            _____ GUILTY
                                   _____ NOT GUILTY

Count 133    _____ GUILTY
        _____ NOT GUILTY

Count 134    _____ GUILTY
        _____ NOT GUILTY

Count 135    _____ GUILTY
        _____ NOT GUILTY

Count 136    _____ GUILTY
        _____ NOT GUILTY

Count 137    _____ GUILTY
        _____ NOT GUILTY

Count 138    _____ GUILTY
        _____ NOT GUILTY

Count 139    _____ GUILTY
        _____ NOT GUILTY

Count 140    _____ GUILTY
        _____ NOT GUILTY

Count 141    _____ GUILTY
        _____ NOT GUILTY

Count 142    _____ GUILTY
        _____ NOT GUILTY

Count 143    _____ GUILTY
        _____ NOT GUILTY

Count 144    _____ GUILTY
        _____ NOT GUILTY
Count 145    _____ GUILTY
        _____ NOT GUILTY

Count 146    _____ GUILTY
        _____ NOT GUILTY

**COUNT 147 to 175 (Money Laundering)**

On Count 147 to 175 of the indictment, charging money laundering concerning payments for a 1999 Jaguar, we, the jury, unanimously find the defendant,

TIMOTHY BAUKMAN

Count 147             _____ GUILTY
                     _____ NOT GUILTY

Count 148             _____ GUILTY
                     _____ NOT GUILTY

Count 149             _____ GUILTY
                     _____ NOT GUILTY

Count 150             _____ GUILTY
                     _____ NOT GUILTY

Count 151             _____ GUILTY
                     _____ NOT GUILTY

Count 152             _____ GUILTY
                     _____ NOT GUILTY

Count 153             _____ GUILTY
                     _____ NOT GUILTY

Count 154             _____ GUILTY
                     _____ NOT GUILTY

Count 155             _____ GUILTY
                     _____ NOT GUILTY

Count 156             _____ GUILTY
                     _____ NOT GUILTY

Count 157             _____ GUILTY
                     _____ NOT GUILTY

Count 158             _____ GUILTY
                     _____ NOT GUILTY

48

Count 159                    _____ GUILTY
                             _____ NOT GUILTY

Count 160                    _____ GUILTY
                             _____ NOT GUILTY

Count 161                    _____ GUILTY
                             _____ NOT GUILTY

Count 162                    _____ GUILTY
                             _____ NOT GUILTY

Count 163                    _____ GUILTY
                             _____ NOT GUILTY

Count 164                    _____ GUILTY
                             _____ NOT GUILTY

Count 165                    _____ GUILTY
                             _____ NOT GUILTY

Count 166                    _____ GUILTY
                             _____ NOT GUILTY

Count 167                    _____ GUILTY
                             _____ NOT GUILTY

Count 168                    _____ GUILTY
                             _____ NOT GUILTY

Count 169                    _____ GUILTY
                             _____ NOT GUILTY

Count 170                    _____ GUILTY
                             _____ NOT GUILTY

Count 171                    _____ GUILTY
                             _____ NOT GUILTY

Count 172                    _____ GUILTY
                             _____ NOT GUILTY

Count 173                    _____ GUILTY

            _____ NOT GUILTY

Count 174          _____ GUILTY
                   _____ NOT GUILTY

Count 175          _____ GUILTY
                   _____ NOT GUILTY

## **COUNT 176 (Investment of Drug Proceeds in an Interstate Enterprise)**

On Count 176 of the indictment, charging investment of drug proceeds in an interstate enterprise, on or about January 11, 2002  to April 5, 2002, we, the jury, unanimously find the defendant,

ALTON COLES

_____ GUILTY

_____ NOT GUILTY

## COUNT 181 (Possession of a Firearm in Furtherance of Drug Trafficking)

On Count 181 of the indictment, charging possession of a firearm in furtherance of drug trafficking on or about October 24, 2004, we, the jury, unanimously find the defendant,

ALTON COLES

_____ GUILTY

_____ NOT GUILTY

52

## COUNT 182 (Possession of a Firearm in Furtherance of Drug Trafficking)

On Count 182 of the indictment, charging possession of a firearm in furtherance of drug trafficking on or about March 27, 2004, we, the jury, unanimously find the defendant,

ALTON COLES

_____ GUILTY

_____ NOT GUILTY

## COUNT 187 (Possession of an Unregistered Machine Gun)

On Count 187 of the indictment, charging possession of an unregistered machine gun on or about August 10, 2005, the jury, unanimously find the defendant,

TIMOTHY BAUKMAN

_____ GUILTY
_____ NOT GUILTY

## COUNT 189 (False Declaration Under Oath)

On Count 189 of the indictment, charging a false declaration under oath occurring on or about June 7, 2006, as to a $25,000 payment, we, the jury, unanimously find the defendant,

THAIS Y. THOMPSON

_____ GUILTY

_____ NOT GUILTY

## COUNT 190 (False Declaration Under Oath)

On Count 190 of the indictment, charging a false declaration under oath occurring on or about June 7, 2006 as to a knowledge of bank accounts, we, the jury, unanimously find the defendant,

THAIS Y. THOMPSON

_____ GUILTY

_____ NOT GUILTY

**COUNT 191 (False Declaration Under Oath)**

On Count 191 of the indictment, charging a false declaration under oath occurring on or about June 7, 2006, as to the ownership of certain currency, we, the jury, unanimously find the defendant,

THAIS Y. THOMPSON

_____ GUILTY

_____ NOT GUILTY

## COUNT 192 (Accessory After the Fact)

On Count 192 of the indictment, charging accessory after the fact on or about June 7, 2006, we, the jury, unanimously find the defendant,

THAIS Y. THOMPSON

_____ GUILTY

_____ NOT GUILTY


_____     _____
**DATE**                          **FOREMAN**