# UNITED STATES DISTRICT COURT

EASTERN District of Pennsylvania

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| --- | --- |
| V. | |
| TIMOTHY BAUKMAN | |
| a/k/a "Tauheed Baukman" | Case Number: DPAE2:05CR000440-008 |
| a/k/a "Tim Gotti" | USM Number: 60388-066 |
| a/k/a "T Dog" | |
| | Jack J. McMahon, Jr., Esq. |
| | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☒ was found guilty on count(s)   1, 2, 61, 62, 63, and 89 through 175
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 21:846 and 841(a)(1)(A) | Conspiracy to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base "crack" | 8/31/2005 | 1 |
| 21:848(a) and (b)(1) | Continuing criminal enterprise | 8/10/2005 | 2 |
| 21:856(a)(2) and 18:2 | Maintaining a storage facility and aiding and abetting | 8/10/2005 | 61 |
| 21:841(a)(1) and (b)(1)(C) | Distribution and possession with the intent to distribute cocaine or cocaine base "crack" | 8/10/2005 | 62 |

The defendant is sentenced as provided in pages 2 through  12  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)   68   is   dismissed

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

November 2, 2010
Date of Imposition of Judgment

_[signature]_
Signature of Judge

R. Barclay Surrick, U.S. District Judge
Name and Title of Judge

November 3, 2010
Date

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:924(c)(1)(A) | Possession of a firearm in furtherance of a drug trafficking crime | 8/10/2005 | 63 |
| 18:1956(a)(1)(A)(1) | Money laundering with the intent to promote drug trafficking | 7/6/2005 | 89 through 120 |
| 18:1956(a)(1)(B)(1) | Money laundering with the intent to conceal or disguise proceeds of drug trafficking | 11/18/2004 | 121 through 175 |

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
          Sheet 1A

DEFENDANT:      TIMOTHY BAUKMAN
CASE NUMBER:    05-440-8

Judgment—Page 2 of 12

DEFENDANT: TIMOTHY BAUKMAN
CASE NUMBER: 05-440-8

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

SEE PAGE 4

X The court makes the following recommendations to the Bureau of Prisons:
   Designation to a facility as close to defendant's family as possible.

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ ☐ a.m. ☐ p.m. on _____
   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before 2 p.m. on _____
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

# ADDITIONAL IMPRISONMENT TERMS

COUNT 1: The conviction on Count One was vacated pursuant to Rutledge v. United States 517 U.S. 292 (1996).
COUNT 2: 240 Months
COUNTS 61, 62, 89 through 175: 60 Months concurrently with each other, but consecutive to Count 2.
COUNT 63: 60 Months to run consecutively to Counts 2, 61, 62 and 89 through 175.

**For a total term of imprisonment of 360 Months.**

DEFENDANT: TIMOTHY BAUKMAN
CASE NUMBER: 05-440-8

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

SEE PAGE 6

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:     TIMOTHY BAUKMAN
CASE NUMBER:   05-440-8

# SUPERVISED RELEASE TERMS

COUNT 2:   10 Years

COUNTS 61, 89 THROUGH 175:  3 Years to run concurrently to Count 2.

COUNT 62:   10 Years to run concurrently to Counts 2, 61, 89 through 175.

COUNT 63:   5 Years to run concurrently to Counts 2, 61, 62 and 89 through 175.

**For a total term of supervised release of 10 Years.**

DEFENDANT: TIMOTHY BAUKMAN
CASE NUMBER: 05-440-8

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTALS | $ 9,100.00     | $ 0.00   | $ 0.00          |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
| TOTALS            | $ 0             | $ 0                     |                            |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: TIMOTHY BAUKMAN
CASE NUMBER: 05-440-8

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    X    Lump sum payment of $ 9,100.00 due immediately, balance due

       ☐   not later than _____ , or
       ☐   in accordance    ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

B    ☐    Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

C    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E    ☐    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ☐    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

     Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

X   The defendant shall forfeit the defendant's interest in the following property to the United States:
SEE PAGES 9 THROUGH 12.

# FORFEITED PROPERTY

a. A Baikal, Model IJ-70, .380 caliber semi-automatic pistol, serial number A013845, loaded with four live rounds of ammunition;

b. A Ruger, Model GP100, .357 caliber revolver, serial number 170-73433, loaded with six live rounds of ammunition;

c. A Ruger, Model P93DC, 9 millimeter pistol, serial number 306-01790, loaded with 12 live rounds of ammunition;

d. Taurus .38 caliber revolver, Model 85, serial number SE28453, loaded with 5 live rounds of .38 caliber ammunition;

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
          Sheet 6B — Schedule of Payments

DEFENDANT:     TIMOTHY BAUKMAN
CASE NUMBER:   05-440-8

Judgment—Page 9 of 12

# ADDITIONAL FORFEITED PROPERTY

e. .223 caliber Ruger rifle, Model Mini-14, serial number 186-76850;

f. Mossberg 12-gauge shotgun, Model 500A, serial number P219487, and two 12-gauge rounds of live ammunition;

g. 9 millimeter Hi-Point rifle, Model 995, serial number A80874, loaded with 10 live rounds of 9 millimeter ammunition;

h. .357 Dan Wesson handgun, Model .357 Magnum revolver, serial number 27755, loaded with six live rounds of ammunition;

I. 377 additional live rounds of 9 millimeter ammunition;

DEFENDANT: TIMOTHY BAUKMAN
CASE NUMBER: 05-440-8

## ADDITIONAL FORFEITED PROPERTY

j.  6 additional live rounds of .357 ammunition;

k.  1 additional live round of .22 ammunition;

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
Sheet 6B — Schedule of Payments

Judgment—Page 11 of 12

DEFENDANT: TIMOTHY BAUKMAN
CASE NUMBER: 05-440-8

# ADDITIONAL FORFEITED PROPERTY

l.    $25,200,000 forfeiture money judgment; and

m.    $25,016.07 United States Currency seized from 2967 School House Lane, Philadelphia, PA.