IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 05-440-08 |
| TIMOTHY BAUKMAN | : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                                           **MARCH 10, 2022**

Presently before the Court is Defendant Timothy Baukman's Habeas Corpus Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (ECF No. 1682), Defendant's Amended Habeas Corpus Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (ECF No. 1693), and the Government's Response to Petition For Relief Under 28 U.S.C. § 2255 (ECF No. 1704.)  For the following reasons, Defendant's Motion will be granted in part and denied in part. Defendant's unopposed requests for an evidentiary hearing on the issues of (1) whether counsel was ineffective by allegedly failing to inform Defendant of his possible sentences and ability to enter a plea of guilty and (2) whether counsel's decision not to introduce the film *Menace* into evidence was ineffective assistance of counsel will be granted.  All of Defendant's other requests for relief or an evidentiary hearing will be denied.

**I.      BACKGROUND**

On February 21, 2007, the grand jury returned a 194-count Fifth Superseding Indictment against Alton Coles and twenty-one co-defendants, including Timothy Baukman.  (ECF No. 295.)  The first six co-conspirators, including Defendant and Coles, went to trial in January of 2008.  The Government presented extensive evidence of the conspirators' $25 million cocaine

sales operation and related gun possession, money laundering, and various other crimes. On March 4, 2008, after almost eight weeks of testimony and nearly a week of jury deliberations, the jury returned a verdict of guilty against Defendant on one count each of conspiracy in violation of 21 U.S.C. § 846 (Count 1), continuing criminal enterprise (CCE) in violation of 21 U.S.C. § 848 (Count 2), maintaining a storage facility in violation of 21 U.S.C. § 856(a)(2) (Count 61) and 21 U.S.C. § 841(a)(1) (Count 62), two counts of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Counts 63, 68), thirty-two counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i) (Counts 89-120), and fifty-five counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Counts 121-175). (ECF No. 745.) His second § 924(c) count (Count 68) was dismissed after conviction. Defendant was sentenced to 360 months in prison. Jack McMahon, Esq. represented Defendant at trial. Stephen J. Britt, Esq. represented him on appeal.

Defendant filed the instant Habeas Corpus Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (ECF No. 1682) as well as an amended Motion (ECF No. 1693) raising seven claims of ineffective assistance of counsel and requesting evidentiary hearings on each issue. The Government filed a response opposing a hearing for all but two of the claims (ECF No. 1704.) An evidentiary hearing will be granted only as to the two unopposed requests for hearing. We will hear testimony about (1) whether counsel's advice to Defendant regarding his choice to proceed to trial was ineffective and (2) whether counsel's decision not to admit the *Menace* film into evidence was ineffective. We will not hear testimony or argument regarding any of Defendant's other requests for relief.

## II. LEGAL STANDARD

Section 2255 permits a prisoner in federal custody to challenge the validity of his sentence. 28 U.S.C. § 2255; *see also United States v. Eakman,* 378 F.3d 294, 297 (3d Cir. 2004). In order to establish a Sixth Amendment ineffective assistance of counsel claim, a defendant must show that: (1) his or her attorney's performance was deficient, and (2) the deficient performance prejudiced his or her defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). To establish deficient representation, a defendant must show that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." *Buehl v. Vaughn,* 166 F.3d 163, 169 (3d Cir.1999) (citing *Strickland,* 466 U.S. at 688). To establish prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 695. Under *Strickland,* counsel is presumed to have acted within the range of "reasonable professional assistance." *Id.* at 689. A defendant is entitled to an evidentiary hearing unless the motions, files, and records of the case conclusively show that he is not entitled to relief. *See* 28 U.S.C. § 2255(b); *United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005).

## III. DISCUSSION

Defendant makes the following arguments: (1) trial counsel was ineffective for failing to adequately explain Defendant's potential sentence or inform him of his ability to enter a plea of guilty; (2) trial counsel was ineffective for failing to introduce a film created by Defendant and Coles after Coles testified that some of the contraband that police recovered were actually props used in the film; (3) trial counsel was ineffective for allegedly failing to familiarize himself with the facts of the case prior to the suppression hearing; (4) trial and appellate counsel were ineffective for failing to argue that, with regard to Defendant's CCE charge, the jury should have

3

been given a special verdict slip and been instructed to only consider non-redacted and admissible actions in determining the series of offenses; (5) trial counsel was ineffective for not alerting the court to the fact that Defendant was not present when a jury note was answered; (6) appellate counsel was ineffective for failing to argue that Defendant's sentence was illegal under *Alleyne v. United States*, 570 U.S. 99 (2013); and (7) these cumulative errors denied him a fair trial. The Government does not oppose a hearing on claims (1) and (2), and we will grant an evidentiary hearing only on those claims. We will deny Defendant's requests for a hearing on all of the other claims.

> **A.  We will hold an evidentiary hearing as to whether trial counsel was ineffective for allegedly failing to advise Defendant of the Federal Sentencing Guidelines and his choice to plead guilty.**

Defendant asserts that counsel was ineffective when he failed to adequately explain Defendant's choice to proceed to trial, rather than to enter a plea of guilty. Specifically, Defendant alleges in a sworn affidavit that counsel (1) failed to explain the Sentencing Guidelines, particularly the option for Defendant to reduce his sentence by accepting responsibility; (2) did not explain the possible mandatory minimum sentences for his charged offenses; and (3) did not have "any meaningful conversation over the defense of the case" or the complexity of the case with Defendant. (Def.'s Mot., Exh. A, 1-2.) Defendant further asserts that, absent counsel's deficient explanation, he would have entered a plea of guilty. (*Id.* at 2.)

A defendant is entitled to an evidentiary hearing unless the motions, files, and records of the case show conclusively that the movant is not entitled to relief. *See* 28 U.S.C. § 2255(b); *Booth*, 432 F.3d at 545-46. Where a defendant alleges that counsel failed to adequately inform him about his ability to enter an open plea agreement, rather than proceed to trial, a hearing is appropriate. *See Booth*, 432 F.3d at 550 (holding that the district court erred in denying Booth's

4

request for an evidentiary hearing where Booth "raised sufficient allegations that his trial counsel deprived him of the opportunity to make a reasonably informed decision regarding whether to change his plea or proceed to trial because his trial counsel failed to inform him that he could enter an open plea"). The Government does not object to a hearing, although it also argues that Defendant's claim will ultimately fail. (Gov't Mot., 11.) Given that Defendant has alleged facts that, if true, would entitle him to relief, we will grant his request for a hearing.

### B. We will hold an evidentiary hearing as to whether trial counsel was ineffective for failing to introduce the film *Menace* into evidence at trial.

At trial, Coles testified that he and Defendant created the feature length film about a drug dealer who wanted to be a musician, *Menace*, and the hip hop musical, *New Jack City: The Next Generation*, together. Coles' counsel played clips of *New Jack City* for the jury; *Menace* was not shown. (Tr. Trans. 2/12/08 at 78.) Coles asserted that the drugs and various other drug-related items featured in both movies were fake, and that some of the guns featured in *New Jack City* were fake. (*Id.* at 76-150, 203.) Coles' attorney played portions of *New Jack City* for the jury, but not *Menace*. (*Id.* at 78.) During deliberations, the jury requested, among other things, to view *Menace*. (Tr. Trans. 2/25/08 at 61.) Coles' counsel replied that it was not admitted into evidence. (*Id.*) Baukman's counsel said nothing, and the jury was instructed accordingly. (*Id.* at 61, 73-74.)

Defendant requests an evidentiary hearing to determine why counsel did not attempt to show the jury the film or enter it into evidence. The Government does not object to a hearing; however, it asserts that counsel will present a strategic reason for his decision not to introduce the video. (Gov't Mot., 20-22, 35.) It also claims that the evidence introduced at trial— including police surveillance, narcotics and drug paraphernalia, and recorded conversations— was overwhelming evidence of guilt. (*Id.*) Because Defendant alleges that *Menace* could have

5

plausibly explained some of Defendant's contraband as being either fake or not used for selling drugs, we will hold an evidentiary hearing to address counsel's failure to move the film into evidence.

    **C.**    **Trial counsel was not ineffective for allegedly failing to familiarize himself with facts of the case prior to the suppression hearing.**

Prior to trial, Defendant's counsel filed a motion to suppress the property recovered from a search of 339 East Essex Avenue conducted on August 10, 2005, where police found firearms, nearly half a kilogram of cocaine, a press used to form cocaine into bricks for sale, and "tally sheets" of drug payments. In the instant Section 2255 Motion, Defendant asserts that counsel's written suppression motion was boilerplate and overinclusive, which he claims is evidenced by the fact that counsel withdrew several arguments at the suppression hearing. At oral argument for the suppression motion, counsel asserted that (1) the affidavit lacked reliable evidence from confidential sources and (2) the Government failed to establish a nexus between the alleged criminal activity and the Defendant's property. (Hr'g Tr. 9/17/07 at 9, 10.) We denied Defendant's motion on both grounds. *See United States v. Baukman*, No. 05-440, 2007 WL 4355399 (E.D. Pa. Dec. 12, 2007). Defendant now asserts that counsel was ineffective because counsel's decision to withdraw some arguments originally raised in the written motion was a result of unpreparedness and could not be attributed to any sound strategy.

The record directly contradicts Defendant's assertion that trial counsel failed to familiarize himself with the record. During oral argument on the suppression motion, trial counsel summarized what each confidential source said and argued that their observations lacked sufficient factual bases for their shared conclusion that Defendant and Coles were selling drugs. (Hr'g Tr. 9/17/07 at 21.) He also cited to the specific paragraph in the affidavit of probable cause where authorities asserted that 339 East Essex Avenue was the "Southwest crib" to which

6

the conspirators referred in phone calls. (*Id.* at 23). Specifically, counsel argued that police lacked probable cause that the place searched was the Southwest crib because East Lansdowne (the area where 339 East Essex Avenue is located) is generally not referred to as "Southwest" and because Coles stated in a call that he would be at the Southwest crib in 15 minutes, but authorities did not see him arrive following the phone call. (*Id.* at 23-25.) In addition, counsel argued that there was no definitive evidence that 339 East Essex Avenue contained contraband because law enforcement primarily relied on intercepted phone calls referencing "Superman," which the prosecution asserted was code for drugs, and people carrying unidentified items in and out of the house. (*Id.* at 25.)

Oral advocacy at a suppression hearing can supplement written advocacy. *See Robinson v. Wenerowicz*, No. 11-4032, 2013 WL 5942206, at *2 (E.D. Pa. Nov. 5, 2013). Counsel's performance was not defective. It demonstrated a complete understanding of the record and the law. As summarized above, counsel's arguments were fact-specific and cited to specific portions of the affidavit to support his points. The record contradicts Defendant's assertion that counsel's advocacy showed "a startling ignorance of the law" or "a weak attempt to shift blame for adequate preparation." (Def.'s Mot. To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody, 20 *quoting Kimmelman v. Morrison*, 477 U.S. 365, 385 (1986).)

In addition, Defendant's claim fails because he did not allege that counsel's tactics prejudiced him in any way. He does not state how counsel could have better argued the suppression motion or that the outcome of trial would be different had he handled things differently. For this reason alone, his request for relief may be denied. *See Buehl*, 166 F.3d at 169 (3d Cir. 1999) (observing that failure to establish prejudice is fatal to an ineffectiveness claim).

>    D.   **Trial counsel was not ineffective for failing to request unnecessary jury instructions, and appellate counsel was not ineffective for failing to raise this same argument.**

Defendant asserts that trial counsel was ineffective for failing to request that the Court instruct the jury that it (1) must unanimously agree upon the series of acts that constituted Defendant's CCE conviction; (2) must fill out a special verdict sheet disclosing which acts Defendant committed; and (3) may only select these acts from non-redacted or permissible testimony.  He also asserts at appellate counsel was ineffective for failing to raise these issues on appeal.  Defendant asserts that these alleged errors require that we vacate his CCE conviction or, at the very least, that we hold an evidentiary hearing.  None of his claims entitle him to relief or a hearing.

First, Defendant complains that counsel failed to request a unanimity jury instruction pursuant to *United States v. Echeverri*, 854 F.2d 638 (3d Cir. 1988), which held that courts must instruct juries that they must reach a unanimous agreement as to which acts constitute a continuing series of violations for purposes of CCE.  However, despite Defendant's claim to the contrary, counsel *did* request that the Court issue a unanimity instruction, and the Court *did* instruct the jury that it must be unanimous with regard to the continuing violations.  (Tr. Trans. 2/20/08 at 7-9 ("Your Honor, there is a specific unanimity instruction and I think even based on *Echevarria* [*sic*], it would be proper and lawful.")); (2/22/08 Tr. Trans. at 42-46) ("In addition, you must unanimously agree about which three or more violations the defendant committed.").)

Second, the jury was not required to fill out a special verdict sheet disclosing which acts it found constituted Defendant's violations for the purposes of his CCE conviction.  *Echeverri* held that the trial court erred in refusing to give a jury instruction that was nearly identical to the one that Defendant received; there was no finding that a special verdict sheet was necessary.  854

F.2d at 642 (holding the trial court erred for denying the request to instruct the jury, "You must unanimously agree on which three acts constitute the continuing series of violations."). Neither *Echeverri* nor its predecessor case that Defendant cites, *United States v. Beros*, 833 F.2d 455 (3d Cir. 1987), require jurors to fill out a special verdict sheet when properly instructed on unanimity. Juries are presumed to follow the trial court's instructions. *Weeks v. Angelone*, 528 U.S. 225, 226 (2000). Moreover, "[a] trial judge has wide discretion in determining whether to use special verdicts upon written interrogatories . . . " *Kornicki v. Calmar S.S. Corp.*, 460 F.2d 1134, 1139 (3d Cir. 1972). Counsel cannot be held ineffective for failing to make meritless objections. *Werts v. Vaughn*, 228 F.3d 178, 203 (3d Cir. 2000). Because Defendant has failed to show that counsel had any legal basis for making such a request or that the request would have been granted, counsel was not ineffective for failing to request a special verdict sheet.

Finally, Defendant argues that the jury should have been instructed to rely only on testimony based on information contained within the indictment, rather than redacted or impermissible testimony, in determining which acts Defendant committed concerning his CCE charge. However, Defendant only cites one additional case in support of his argument, *United States v. Gipson,* 553 F.2d 453 (5th Cir. 1977). "The issue presented by [*Beros*] differs from *Gipson* in that [*Beros'*] focus is not upon an instruction regarding unanimity on the charged theories, but rather upon an instruction regarding unanimity on the acts which are predicate to a finding on those theories." *Beros*, 833 F.2d at 460. We have identified no Third Circuit precedent requiring courts to instruct jurors that they must rely only on information relating to non-redacted portions of the indictment in determining which acts Defendant committed. Trial was not ineffective for failing to make this meritless request, and appellate counsel was not ineffective for failing to raise the issue on appeal. *Werts*, 228 F.3d at 203.

### E.  Trial counsel was not ineffective for failing to complain that Defendant was not present during a jury note where no prejudice occurred.

Defendant asserts that he was not present during the reading of a jury note where the jury requested to view various evidentiary items. The Government does not dispute that Defendant was not present during the answering of the jury note. We note that Defendant failed to assert that any prejudice resulted from his absence.

The Confrontation Clause and Federal Rule of Criminal Procedure 43 require that a defendant must be present at every stage of trial. The answering of a jury note is one of those stages. *United States v. Toliver*, 330 F.3d 607, 611 (3d Cir. 2003). On direct review, the Third Circuit applies the harmless error standard when a court violates a defendant's Sixth Amendment right to counsel by answering a jury's note outside the presence of the defendant and counsel. *Id.* "[T]here must be no reasonable possibility of prejudice for an error to be deemed harmless." *Id.* at 613 (internal citations omitted). In assessing whether counsel was ineffective for failing to ensure Defendant's presence while addressing the jury note, we assess whether Defendant pled that he was prejudiced.

In his Motion, Defendant does not argue at any point that he was prejudiced or explain how this prejudice would have changed the outcome of the trial. We note that while Defendant was absent, counsel was not. In the absence any reason that Defendant's presence would have changed the outcome of the court's decision (and Defendant's trial), we find counsel could adequately represent Defendant's interests at this stage of trial. *See United States v. Throckmorton*, No. 05-0219, 2009 WL 3465111, at *8 (W.D. Pa. Oct. 22, 2009) (finding counsel was not ineffective for failing to bring a defendant to side bar because the defendant's "presence at side bar was not necessary as his counsel ably represented [the defendant's] interests."); *see also Kentucky v. Stincer,* 482 U.S. 730, 745 (1987) ("[A] defendant is guaranteed

10

the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure."). Because Defendant has not established prejudice, we will deny his request for an evidentiary hearing on the issue.

### F. Appellate counsel was not ineffective for failing to raise an *Alleyne* claim because it would have been meritless.

Defendant also complains that counsel was ineffective for failing to raise an *Alleyne* claim on direct appeal. *Alleyne v. United States*, 570 U.S. 99 (2013), which was decided after the jury found Defendant guilty but before the Third Circuit ruled on his direct appeal, held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 570 U.S. at 103. Defendant argues that appellate counsel was ineffective for failing to argue that Defendant's sentence was illegal because the jury did not make a finding about the weight of the drugs trafficked. He asserts that he is entitled to an evidentiary hearing to determine whether there was a strategic reason why appellate counsel failed to raise an *Alleyne* claim.

However, there was no basis for raising an *Alleyne* claim because Defendant was not sentenced to a mandatory minimum based on drug weight. At sentencing, the Government requested that Defendant receive a mandatory minimum sentence of life in prison as a result of his CCE conviction because it alleged that the drug conspiracy involved at least 150 kilograms of cocaine or 1.5 kilograms of cocaine base and Defendant was a principal administrator, organizer, or leader of the conspiracy pursuant to 21 U.S.C. §§ 848(b)(1) and (b)(2)(A). (*Id.* at 13.) Defendant objected, arguing that evidence regarding the amount possessed was unreliable. (*Id.* at 5.) However, the Court found that Defendant was not a principal administrator, organizer, or leader of the conspiracy, and therefore he was *not* sentenced pursuant to the mandatory minimum life sentence. (*Id.* at 46.)

11

We also note that the Third Circuit addressed Defendant's similar *Apprendi* claim in its opinion. *Apprendi v. New Jersey*, 530 U.S. 466 (2000) held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," with the exception of the fact of a defendant's prior conviction. 530 U.S. at 490. On direct review of Defendant's case, the Third Circuit found that we "vacated [his] conviction on this Count as a lesser included offense of his CCE conviction so it had no effect on his sentence . . . and thus there is no basis for the relief he seeks." *United States v. Coles*, 558 F. App'x 173, 181–82 (3d Cir. 2014).

There is no basis on which to claim that Defendant was impermissibly sentenced to a mandatory minimum sentence, and therefore appellate counsel's conduct was not constitutionally deficient. We will deny Defendant's request for an evidentiary hearing.

  **G.**  **Any cumulative errors did not have a substantial effect on the trial.**

Defendant further claims that the alleged errors addressed in this Opinion had the cumulative effect of violating his Sixth Amendment right to counsel. This is simply not so. "The cumulative error doctrine allows a petitioner to present a standalone claim asserting the cumulative effect of errors at trial that so undermined the verdict as to constitute a denial of his constitutional right to due process." *Collins v. Sec'y of Pennsylvania Dep't of Corr.*, 742 F.3d 528, 542 (3d Cir. 2014). As noted above, most of Defendant's claims are facially deficient or contradicted by the record. We will only hold a hearing on the two remaining claims that may entitle him to relief. We will not grant relief on Defendant's claim of cumulative error.

We emphasize that Defendant's request for an evidentiary hearing was granted only as to his claim that counsel deficiently advised him regarding his choice to proceed to trial and

counsel's decision not to admit the *Menace* video into evidence. We will not accept testimony or argument regarding any of the other now-denied requests for relief.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's Habeas Corpus Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody will be granted in part and denied in part. An appropriate Order follows.

                                                            **BY THE COURT:**

                                            */s/ R. Barclay Surrick*
                                            **R. BARCLAY SURRICK, J.**