IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO. 05-440-8 |
| TIMOTHY BAUKMAN | : |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO CORRECT A JUDGMENT PURSUANT
TO FEDERAL RULE OF CRIMINAL PROCEDURE 36**

Defendant Timothy Baukman seeks to correct an alleged error in his Presentence Investigation Report ("PSR") pursuant to Federal Rule of Criminal Procedure 36. (ECF No. 1928.)  This motion should be denied.

**I.    Background.**

**A.    Criminal Conduct.**

On November 2, 2010, Defendant Timothy Baukman was sentenced to 360 months' imprisonment after being convicted at trial of over 90 drug trafficking, firearms, and money laundering offenses arising from his participation in the Coles Cocaine Gang ("CGC"), a massive cocaine- and crack-trafficking enterprise run by co-defendant Alton Coles. The CGC was responsible for the distribution of an astonishing amount of drugs— 2,795 kilograms of cocaine and at least 300 kilograms of crack, an estimated street value of $25 million— in the Eastern District of Pennsylvania and elsewhere from January 1998 to August 2005. PSR 29.

Coles was the leader of CGC, and Baukman was his "right-hand man." *United States v. Coles*, 558 F. App'x 173, 176 (3d Cir. 2014). This title was well-earned, as the trial evidence demonstrated, among other things, that Baukman: (i) leased and managed the apartment that was used as the organization's cocaine processing plant; (ii) managed and supervised a large number of CGC's workers, including those who sold drugs on the street and cooked cocaine into crack; and (iii) laundered money generated by the CGC by depositing funds into an account that was in his son's name and then using that money to pay the CGC's expenses and fund his lifestyle. When executing search warrants in August 2015 at Baukman's residence and the cocaine-processing plant apartment that he managed, investigators recovered a half-kilogram of cocaine and bulk amounts of crack, a 12-ton hydraulic press used to form cocaine into kilogram "bricks," large amounts of packaging materials, a money counting machine, $25,000 in cash and 13 firearms (10 in the apartment and 3 in his residence, one of which was a fully automatic machinegun). PSR ¶¶ 35-36, 50, 68-71.

Baukman proceeded to trial, and the jury convicted him of 91 counts:

- One count of conspiracy, in violation of 21 U.S.C. § 846 (Count 1);

- One count of engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848 (Count 2);

- One count of maintaining a drug storage facility, in violation of 21 U.S.C. § 856(a)(2) (Count 61);

- One count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 62);

- Two counts of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Counts 63, 68);

- Thirty-one counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) (Counts 89 to 120); and

- Fifty-four counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Counts 121 to 175).[1]

Based on his substantial criminal conduct in this case, the Court imposed a sentence of 360 months' imprisonment and 10 years' supervised release. ECF 1347.

The defendant's conviction has been affirmed on direct appeal, and on August 5, 2024, the Court denied his motion under 28 U.S.C. § 2255. ECF No. 1942; *United States v. Coles*, 558 F. App'x 173 (3d Cir. 2014).

**B.    Rule 36 Motion**

On June 30, 2023, the defendant filed the instant Rule 36 motion.[2] He argues that the Bureau of Prisons ("BOP") has classified him as a violent offender because of Paragraph 38 of his PSR. *See also* ECF No. 1960, ¶ 10. That paragraph, in turn, references an October 22, 2024, incident in which a member of the CGC exchanged

---

[1] The Court subsequently vacated the defendant's conspiracy conviction, as it was a lesser included offense of the CCE conviction (Count 2), and dismissed the second § 924(c) conviction as multiplicitous.

[2] At the time the defendant filed the motion, he was represented by counsel in his § 2255 proceeding, which was pending at the time. Because the defendant has no right to hybrid representation, the government did not respond to the motion. The defendant is now proceeding *pro se*, and after consultation with Chambers, the government now files this response.

- 3 -

gunfire with a rival gang, which resulted in several individuals being shot. PSR ¶ 38. According to the PSR, the defendant was allegedly present for this incident.

In the Fifth Superseding Indictment the defendant was charged in Counts 183 and 184 with possession of a firearm in furtherance of a drug trafficking crime and aiding and abetting in connection with the October 22, 2024 incident. (ECF No. 295.) These counts were dismissed without prejudice during trial. (ECF No. 991.)

The defendant did not object at his sentencing hearing to the inclusion of Paragraph 38 in the PSR, and this issue was not raised on direct appeal. (ECF No. 1393); *United States v. Coles*, 558 F. App'x 173 (3d Cir. 2014).

## II.     Discussion.

Federal Rule of Criminal Procedure 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

Rule 36 only permits correction of a "clerical error." That is simply a mistake in the judgment in the transcription or recitation of the court's statements or actions. *United States v. Bennett*, 424 F.3d 271, 277-78 (3d Cir. 2005). No substantive change in the sentence is permitted, "regardless of whether that correction is designed to vindicate an unstated assumption." *Id.* at 278.

Such a clerical error "must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical

in nature." *United States v. Guevremont*, 829 F.2d 423, 426-27 (3d Cir. 1987), quoting *Dura-Wood Treating Co. v. Century Forest Indus.,* 694 F.2d 112, 114 (5th Cir. 1982).

Other provisions provide for substantive alterations to a sentence, including the provisions for appellate review. *See Bennett,* 423 F.3d at 277-78. The time for such action in this case has long passed. Baukman may not obtain a substantive alteration of the presentence report through a motion under Rule 36. *See also United States v. Smalley*, 571 F.3d 208 (3d Cir. 2007).

The inclusion of the paragraph in the PSR was not the result of a "clerical error." Rather, the PSR was adopted by the Court at the defendant's sentencing hearing. The defendant had the chance to object to this paragraph, yet did not do so at the sentencing hearing or on direct appeal. Accordingly, the Court should deny his motion. (ECF No. 1928.)

    Respectfully yours,

    DAVID METCALF
    United States Attorney

    */s Francis A. Weber*
    FRANCIS A. WEBER
    Assistant United States Attorney

Dated: May 28, 2025

## CERTIFICATE OF SERVICE

I hereby certify that this pleading has been served via First Class Mail on the following:

Mr. Timothy Baukman
Reg. No. 60388-066
FMC DEVENS
FEDERAL MEDICAL CENTER
P.O. BOX 879
AYER, MA  01432


/s Francis A. Weber
FRANCIS A. WEBER
Assistant United States Attorney


Dated:  May 28, 2025.